IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MANHATTAN TELECOMMUNICATIONS CORP. D/B/A METROPOLITAN TELECOMMUNICATIONS, A/K/A METTEL,<br><br>  Plaintiff,<br><br>  v.<br><br>GRANITE TELECOMMUNICATIONS, LLC,<br><br>  Defendant. | C.A. _____ |

**GRANITE TELECOMMUNICATIONS, LLC'S MOTION FOR LEAVE TO FILE EXHIBIT 2 TO THE NOTICE OF REMOVAL UNDER SEAL**

Granite Telecommunications, LLC, by and through its undersigned attorneys, seeks leave to file Exhibit 2 to the Notice of Removal (D.I. 2) under seal, pursuant to Federal Rule of Civil Procedure 5.2(d) and the Local Rules of Civil Practice and Procedure 5.1.3 of the United States District Court for the District of Delaware (the "Motion"). In support of the Motion, Granite states as follows:

1. On May 19, 2020, Manhattan Telecommunications Corp. ("MetTel") filed a Verified Complaint, Exhibits A-C to the Verified Complaint, Motion to Expedite, Motion for Preliminary Injunction, and related pleadings in the Court of Chancery for the State of Delaware (the "First Action").

2. MetTel filed its pleadings as "Confidential Filings" in accordance with Court of Chancery Rule 5.1. Granite also filed its responsive and opposition papers as "Confidential Filings" under Court of Chancery Rule 5.1 because the papers made reference to MetTel's pleadings, as well as other non-public business information.

3. On June 9, 2020, Granite removed the First Action to this Court. *See Metropolitan Telecommunications Corp. v. Granite Telecommunications, LLC*, Case No. 1:20-cv-775-CFC, D.I. 2 (D. Del. June 9, 2020).

4. In accordance with 28 U.S.C. § 1446(a), attached as Exhibit A to the Notice of Removal of the First Action were all public pleadings, process, orders and other filings in the Court of Chancery.

5. Contemporaneous with the Notice of Removal, Granite also filed a motion for leave to file under seal all pleadings filed as "Confidential Filings" in the Court of Chancery as Exhibit B. The grounds for the motion were that the filings contained non-public business information that was designated for confidential treatment in the Court of Chancery by both MetTel and Granite.

6. By order dated June 9, 2020, the Court denied Granite's motion, but gave MetTel the opportunity to present its position as to whether Exhibit B should remain under seal on or before June 16, 2020. *Metropolitan Telecommunications Corp. v. Granite Telecommunications, LLC*, Case No. 1:20-cv-775-CFC, D.I. 6 (D. Del. June 9, 2020).

7. On June 15, 2020, MetTel filed a notice of voluntary dismissal of the First Action. *Metropolitan Telecommunications Corp. v. Granite Telecommunications, LLC*, Case No. 1:20-cv-775-CFC, D.I. 8 (D. Del. June 15, 2020).

8. Simultaneously, MetTel filed a second action against Granite based on essentially the same facts and asserting the same claims in the Court of Chancery (the "Second State Court Action"). MetTel designated the Verified Complaint and Exhibits A-C thereto as "Confidential Filings" in the Second State Court Action. MetTel subsequently filed a Motion to Expedite, which it also designated as a "Confidential Filing."

9. On June 16, 2020, MetTel filed a motion for continued sealing of Exhibit B in the First Action (the "MetTel Sealing Motion"). *Metropolitan Telecommunications Corp. v. Granite Telecommunications, LLC*, Case No. 1:20-cv-775-CFC, D.I. 9 (D. Del. June 16, 2020).

10. The Court granted the MetTel Sealing Motion on June 22, 2020. *Metropolitan Telecommunications Corp. v. Granite Telecommunications, LLC*, Case No. 1:20-cv-775-CFC, D.I. 10 (D. Del. June 16, 2020).

11. Contemporaneous with this Motion, Granite is filing a Notice of Removal, removing the Second State Court Action to this Court. In accordance with 28 U.S.C. § 1446(a), attached as Exhibit 1 to the Notice of Removal are all public pleadings, process, orders, and other filings in the Second State Court Action.

12. As discussed above, MetTel designated the Verified Complaint in the Second State Court Action, Exhibits A-C thereto, and its Motion to Expedite as "Confidential Filings." Because the Court granted the MetTel Sealing Motion concerning, *inter alia*, the substantially similar Verified Complaint in the First Action, Exhibits A-C thereto, and other pleadings in the First Action, Granite seeks leave to file under seal all pleadings filed as "Confidential Filings" in the Second State Court Action as Exhibit 2 to the Notice of Removal, at least until MetTel has an opportunity to address any confidentiality issues before this Court.

13. MetTel contends that these documents contain non-public business information warranting confidential treatment, and MetTel designated them for confidential treatment in the Second State Court Action.

14. Granite does not seek reconsideration of the Court's June 9 Order in the First Action and expresses no view on the merits of the MetTel Sealing Motion or of MetTel's confidentiality designations in the Second State Court Action. Instead, because of the substantial

similarities between the Verified Complaints and Exhibits thereto in the First Action and in the Second State Court Action, Granite is filing the instant motion to seal to comply with the Court's June 22 Order on the MetTel Sealing Motion and to provide MetTel with the opportunity to address any confidentiality issues before this Court.

15. Therefore, Granite respectfully requests that the Court permit Granite to file Exhibit 2 to the Notice of Removal under seal. Granite will file public versions of Exhibit 2, with only the information MetTel designates as confidential redacted, no later than seven days of this Motion being granted. Granite requests that Exhibit 2 as originally filed remain under seal, at least until MetTel has an opportunity to be heard on the confidentiality of these documents.

WHEREFORE, for the foregoing reasons, Granite respectfully requests that the Court grant Granite's Motion and enter the attached form of order.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| OF COUNSEL: | */s/ R. Judson Scaggs, Jr.*<br>R. Judson Scaggs, Jr. (#2676)<br>Barnaby Grzaslewicz (#6037) |
| DONNELLY, CONROY & GELHAAR, LLP<br>T. Christopher Donnelly<br>Joshua N. Ruby<br>260 Franklin Street, Suite 1600<br>Boston, MA 02110<br>(617) 720-2880 | A. Gage Whirley (#6707)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br><br>*Attorneys for Granite Telecommunications, LLC* |
| June 26, 2020 |  |

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of this document was served upon the following individuals by electronic mail on June 26, 2020:

Steven L. Caponi (#3484)
Matthew B. Goeller (#6283)
K&L GATES LLP
600 King Street, Suite 901
Wilmington, DE 19801
steve.caponi@klgates.com
matthew.goeller@klgates.com

*Counsel for Plaintiff Manhattan Telecommunications Corp.*

                                                   /s/ *Barnaby Grzaslewicz*
                                                   Barnaby Grzaslewicz (#6037)