IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MANHATTAN TELECOMMUNICATIONS CORP. D/B/A METROPOLITAN TELECOMMUNICATIONS, A/K/A METTEL<br><br>          Plaintiff,<br><br>v.<br><br>GRANITE TELECOMMUNICATIONS, LLC,<br><br>          Defendant. | C.A. _____ |

**DEFENDANT'S NOTICE OF REMOVAL**

| | |
|---|---|
| DONNELLY, CONROY & GELHAAR, LLP<br>T. Christopher Donnelly (motion for admission *pro hac vice* forthcoming)<br>Joshua N. Ruby (motion for admission *pro hac vice* forthcoming)<br>260 Franklin Street, Suite 1600<br>Boston, MA 02110<br>(617) 720-2880 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>R. Judson Scaggs (#2676)<br>Barnaby Grzaslewicz (#6037)<br>A. Gage Whirley (#6707)<br>1201 N. Market Street<br>Wilmington, DE 19801<br>(302) 658-9200<br><br>*Counsel for Defendant Granite Telecommunications, LLC* |

Dated: June 26, 2020

Defendant Granite Telecommunications, LLC ("Granite") hereby removes this action from the Delaware Court of Chancery to the United States District Court for the District of Delaware pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1).  As grounds for removal, Granite states as follows:

1. On May 19, 2020, Plaintiff Manhattan Telecommunications Corp., d/b/a Metropolitan Telecommunications, a/k/a MetTel ("MetTel") filed an action in the Delaware Court of Chancery (the "First Action").

2. On June 9, 2020, Granite removed the First Action to this Court.  *See Metropolitan Telecommunications Corp. v. Granite Telecommunications, LLC*, Case No. 1:20-cv-775-CFC, D.I. 2 (D. Del. June 9, 2020).

3. Recognizing that Granite's removal was proper but nonetheless wishing to evade federal jurisdiction and return to state court, MetTel voluntarily dismissed the First Action on June 15, 2020.  *See Metropolitan Telecommunications Corp. v. Granite Telecommunications, LLC*, Case No. 1:20-cv-775-CFC, D.I. 8 (D. Del. June 15, 2020).

4. Simultaneously, on June 15, 2020, MetTel filed another action in the Delaware Court of Chancery based on the same underlying facts and asserting the same causes of action as in the First Action (the "Second State Court Action").

5. In the Second State Court Action, MetTel attempts to avoid federal jurisdiction by pleading that "[b]ased on information currently available to MetTel, the combined value of the monetary and reputational harm it has suffered in connection with Counts One through Five below does not exceed $75,000."  Compl. ¶ 37.

6. Because MetTel's claims for damages still actually put more than $75,000 in controversy, and because MetTel's request for injunctive relief puts far more than $75,000 in

1

controversy, federal jurisdiction is proper here, and Granite now removes the Second State Court Action to this Court.

7. As required by 28 U.S.C. § 1446(a), true and correct copies of all public process, pleadings, and orders filed in the Second State Court Action or served upon Granite in the Second State Court Action as of the date of this filing are attached hereto as Exhibit 1. A motion to file additional documents under seal is being filed contemporaneously herewith, and the additional documents will be filed as Exhibit 2 once the Court rules on the motion.

8. As set forth in more detail below, this Court has original jurisdiction over MetTel's claims against Granite under 28 U.S.C. § 1332(a).

9. Removal to this Court is proper under 28 U.S.C. § 1441(a) and 28 U.S.C. § 87 because the United States District Court for the District of Delaware is the federal judicial district and division embracing the Delaware Chancery Court, where the Second State Court Action was filed.

10. MetTel served Granite with a Summons and copy of the Complaint on June 24, 2020. Accordingly, Granite's deadline to file this Notice of Removal ("Notice") is July 24, 2020. *See* 28 U.S.C. § 1446(b)(1).

11. This Notice, filed on June 26, 2020 is therefore timely filed in compliance with 28 U.S.C. § 1446(b)(1).

12. In accordance with 28 U.S.C. § 1446(d), Granite has filed this Notice with this Court, will serve a copy of this Notice upon counsel for MetTel, and will file a Notice of Filing of Notice of Removal in the Delaware Court of Chancery. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit 3.

13. By removing this action, Granite does not waive, but expressly preserves, any defenses with respect to the Second State Court Action.

14. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) in that this is a civil action between citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

15. MetTel is a Delaware corporation with its principal place of business in New York. Compl. ¶ 6.

16. MetTel is therefore a citizen of both Delaware and New York for purposes of determining diversity of citizenship. *See* 28 U.S.C. 1332(c)(1) (citizenship of corporations).

17. Granite is a limited liability company organized under the laws of Delaware. It therefore is a citizen of the states in which its members are citizens. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("[T]he citizenship of an LLC is determined by the citizenship of its members.").

18. The members of Granite are citizens of Florida, Massachusetts, and New Hampshire. Each of the members and their respective states of citizenship are set forth in Exhibit 4. A similar exhibit was also attached to the Notice of Removal Granite filed in the First Action. *See Metropolitan Telecommunications Corp. v. Granite Telecommunications, LLC*, Case No. 1:20-cv-775-CFC, D.I. 2-3 (D. Del. June 9, 2020).

19. Because none of the members of Granite are citizens of New York or Delaware, complete diversity of citizenship under 28 U.S.C. § 1332(a)(1) exists.

20. The amount in controversy exceeds $75,000.

21. While Granite disputes MetTel's allegations, denies liability, and contends that MetTel cannot recover anything based on the claims pleaded in the Complaint, MetTel's

allegations and the relief sought determine the amount in controversy for purposes of removal. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995) ("The allegations on the face of the complaint control the amount in controversy unless it appears to a legal certainty the claim is really for less than the jurisdictional amount.") (internal citations and quotations omitted).

22. MetTel alleges, *inter alia*, that Granite has engaged in a systematic campaign of false statements about MetTel and its business which has caused harm to its reputation and goodwill. MetTel seeks both damages and injunctive relief. *See generally* Compl.

23. MetTel affirmatively pleads that, "[b]ased on information currently available to MetTel, the combined value of the monetary and reputational harm it has suffered in connection with Counts One through Five below does not exceed $75,000." Compl. ¶ 37.

24. One of MetTel's claims for relief arises under the Delaware Deceptive Trade Practices Act (the "DTPA"), which provides for mandatory trebling of an award of damages "[i]f damages are awarded to the aggrieved party under the common law or other statutes of this State." 6 *Del. C.* § 2533(c).

*25.* Although Granite maintains that MetTel has not sufficiently alleged any damages, that the DTPA does not apply here, and that MetTel cannot prevail on its DTPA claim, MetTel's damages allegations coupled with the DTPA's mandatory trebling provision mean that MetTel's damages allegations alone put $225,000 in controversy. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 587 (3d Cir. 1997) ("[T]he court should include the treble damages available under the [relevant statute] in calculating the amount in controversy.").

26. Accordingly, MetTel's damages claims alone exceed the $75,000 amount in controversy requirement for federal jurisdiction.

27. MetTel also seeks injunctive relief barring Granite from making allegedly false statements about MetTel and its business. *See generally* Compl. MetTel's pursuit of nonmonetary relief alone—separate and independent from its damages allegations—*also* puts more than $75,000 in controversy.

28. MetTel and Granite are competitors in the telecommunications industry and compete head-to-head for long-term contracts worth millions of dollars. MetTel alleges that Granite's conduct has harmed its reputation and goodwill, impaired its ability to compete for such contracts, and interfered with such existing contracts.

29. Although Granite maintains that MetTel has not plausibly alleged that it is entitled to injunctive relief here, the nature of MetTel's claims and of the industry in which MetTel and Granite compete means that the injunctive relief MetTel seeks is alone worth more than $75,000 to MetTel.

30. First, where a plaintiff alleges unfair competition adversely affecting its goodwill, the appropriate measure of the amount in controversy is the entire value of the plaintiff's goodwill. *See Schering Corp. v. Sun Ray Drug Co.*, 320 F.2d 72, 75 (3d Cir. 1963).

31. Here, MetTel alleges that it "has spent more than twenty years building a reputation for reliability among its clients and in the marketplace." Compl. ¶ 12.

32. Given that MetTel successfully competes for long term contracts worth millions of dollars—including recent task orders under the General Services Administration's Enterprise Infrastructure Solutions program worth nearly $400 million—the overall value of MetTel's goodwill and reputation well exceeds the $75,000 amount in controversy requirement.

33. Second, even if the amount in controversy is limited to the value to MetTel of the current and prospective customer relationships allegedly affected by Granite's conduct, the

amount in controversy still well exceeds the $75,000 required for federal jurisdiction. *See In re Corestates Tr. Fee Litig.*, 39 F.3d 61, 65 (3d Cir. 1994) ("In injunctive actions, . . . . [the amount in controversy] is the value to plaintiff to conduct his business or personal affairs free from the activity sought to be enjoined that is the yardstick for measuring the amount in controversy.") (internal citations and quotations omitted).

34. MetTel's relationships with the three customers that it alleges have been contacted by Granite are each, individually, worth millions of dollars in revenue.

35. For example, Granite is familiar with the voice and data services that MetTel provides to the client referred to in paragraph 19 of the Complaint (the "April 24 Client") because Granite formerly provided similar voice and data services to the April 24 Client and still provides other services to the April 24 Client. Based on Granite's experience providing similar voice and data services to the April 24 Client, Granite estimates that the annual revenue to MetTel from those services is over $600,000 annually.

36. Similarly, Granite is familiar with the voice and data services that MetTel provides to the client referred to in paragraph 20 of the Complaint (the "May 11 Client") because Granite formerly provided similar voice and data services to the May 11 Client and still provides other services to the May 11 Client. Based on Granite's experience providing similar voice and data services to the May 11 Client, Granite estimates that the annual revenue to MetTel from those services is nearly $1 million annually.

37. Granite is also familiar with the voice and data services that MetTel provides to the client referred to in paragraph 22 of the Complaint (the "June 2 Client") because Granite formerly provided similar voice and data services to the June 2 Client and still provides other services to the June 2 Client. Based on Granite's experience providing similar voice and data

services to the June 2 Client, Granite estimates that the annual revenue to MetTel from those services is over $5 million annually.

38. Moreover, MetTel alleges that "[i]t has hard evidence of only three customers, but MetTel has a reasonable basis to believe that Granite's efforts have extended, or will extend, beyond these customers." Compl. ¶ 30. And MetTel alleges that each allegedly false statement to a customer or potential customer threatens MetTel's existing or potential future relationships with that customer. Compl. ¶¶ 31-36.

39. Although Granite disputes MetTel's allegations, the amount in controversy is measured from MetTel's perspective and based on MetTel's allegations. *See In re Corestates Tr. Fee Litig.*, 39 F.3d at 65. MetTel's allegations place the value of an unspecified number of customer relationships in controversy here. Because *each* such customer relationship is worth millions of dollars in revenue to MetTel, the value of MetTel's requested injunction is many millions of dollars.

40. Accordingly, the value to MetTel of its requested injunction *alone* well exceeds the $75,000 amount in controversy requirement.

41. Finally, the amount in controversy is properly measured by the *combined* value of MetTel's damages allegations and the value to MetTel of its requested injunction.

42. Even if MetTel's damages allegations placed only $75,000 in controversy (and, as discussed above, they actually put more than $75,000 in controversy), the jurisdictional threshold would be met if MetTel's requested injunction has a value to MetTel of $1 or more.

43. For the reasons discussed above, the value to MetTel of the requested injunction is many millions of dollars and certainly exceeds $1.

44. Based on the foregoing, Granite is entitled to remove this action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

45. By this Notice, Granite admits none of MetTel's factual allegations and admits no liability to MetTel. Granite expressly reserves all defenses, motions, and pleas, including, without limitation, objections to the sufficiency of MetTel's pleadings pursuant to Federal Rule of Civil Procedure 12(b).

WHEREFORE, Granite hereby removes this action to this Court for further proceedings according to law.

Respectfully submitted,

GRANITE TELECOMMUNICATIONS, LLC

By its attorneys,

/s/ *R. Judson Scaggs*
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
R. Judson Scaggs (#2676)
Barnaby Grzaslewicz (#6037)
A. Gage Whirley (#6707)
1201 N. Market Street
Wilmington, DE 19801
(302) 658-9200

DONNELLY, CONROY & GELHAAR, LLP
T. Christopher Donnelly (motion for admission *pro hac vice* forthcoming)
Joshua N. Ruby (motion for admission *pro hac vice* forthcoming)
260 Franklin Street, Suite 1600
Boston, MA 02110
(617) 720-2880

Dated: June 26, 2020

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of this document was served upon the following individuals by electronic mail on June 26, 2020:

Steven L. Caponi (#3484)
Matthew B. Goeller (#6283)
K&L GATES LLP
600 King Street, Suite 901
Wilmington, DE 19801
steve.caponi@klgates.com
matthew.goeller@klgates.com

*Counsel for Plaintiff Manhattan Telecommunications Corp.*

                                                              /s/ *Barnaby Grzaslewicz*
                                                            Barnaby Grzaslewicz (#6037)