## IN THE UNITED SATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MANHATTAN TELECOMMUNICATIONS CORP., D/B/A METROPOLITAN TELECOMMUNICATIONS, A/K/A METTEL, <br><br>       Plaintiff, <br><br>   v. <br><br> GRANITE TELECOMMUNICATIONS, LLC, <br><br>     Defendant. | C.A. No. 20-00857-CFC |

---

## BRIEF OF PLAINTIFF MANHATTAN TELECOMMUNICATIONS CORP. IN SUPPORT OF ITS MOTION TO REMAND, OR ALTERNATIVELY, FOR EXPEDITED JURISDICTIONAL DISCOVERY

---

**K&L GATES LLP**

*/s/ Steven L. Caponi*
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
600 N. King St., Suite 901
Wilmington, DE 19801
Tel: (302) 416-7000
steven.caponi@klgates.com
matthew.goeller@klgates.com
*Attorneys for Plaintiff*

# TABLE OF CONTENTS

**Page**

I.      PRELIMINARY STATEMENT ..................................................................1

II.     STATEMENT OF FACTS AND PROCEDURAL HISTORY ....................2

III.    ARGUMENT............................................................................................5

    1.      Granite has previously argued that the allegations in the
        Complaint fail to plead any harm or the potential for future
        harm to MetTel. ....................................................................................6

    2.      Granite has failed to meet its burden of establishing that the
        amount in controversy exceeds $75,000. ............................................8

        A.      The Complaint expressly and unambiguously pleads that
                the amount in controversy does not to exceed $75,000............8

        B.      Granite's removal papers fail to prove to a legal certainty
                that the amount in controversy exceeds $75,000....................10

    3.      Alternatively, expedited jurisdictional discovery should be
        allowed. ............................................................................................14

IV.     CONCLUSION.......................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abels v. State Farm Fire & Cas. Co.*,
   770 F.2d 26 (3d Cir. 1985) ...............................................................9

*Barnes v. State Farm Mut. Auto, Ins. Co.*,
   No, 03-6874, 2004 U.S. Dist. LEXIS 7200 (E.D. Pa., Apr, 7 2004) ................13

*Brill v. Countrywide Home Loans, Inc.*,
   427 F.3d 446 (7th Cir. 2005) ...............................................................8

*Brown v. Francis*,
   75 F. 3d 860 (3d Cir. 1996) ...............................................................6

*Caterpillar, Inc. v. Williams*,
   482 U.S. 386 (1987)...........................................................................5

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
   574 U.S. 81 (2014)........................................................................9, 14

*Fields v. Organon, USA Inc.*,
   2007 WL 4365312 (D.N.J. 2007) ........................................................6

*Frederico v. Home Depot*,
   507 F.3d 188 (3d Cir 2007) ............................................................6, 10

*Horton v. Liberty Mutual Ins. Co.*,
   367 U.S. 348 (1961)...........................................................................9

*Irving v. Allstate Indem. Co.*
   97 F. Supp. 2d 653 (E.D. Pa. 2000)....................................................14

*Judon v. Travelers Property Cas. Co. of America*,
   773 F.3d 495 (3d Cir. 2014) .............................................................11

*Mankodi v. Trump Marina Assocs., Inc.*,
   525 F. App'x 161 (3d Cir. 2013) .........................................................9

*McNutt v. Gen. Motors Acceptance Corp. of Indiana*,
   298 U.S. 178 (1936)..........................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Metropolitan Telecommunications Corp. v. Granite Telecommunications, LLC*,
Case No. 1:20- cv-775-CFC, D.I. 2 (D. Del. June 9, 2020) ............................4, 5

*Morgan v. Gay*,
471 F.3d 469 (3d Cir. 2006) ..................................................................8, 10, 11

*Mt. Healthy City Bd. of Ed v. Doyle*,
429 U.S. 274 (1977)............................................................................................9

*Polanco v. Amgard Ins. Co.*,
2018 WL 6380707 (U.S.D.C. D. Del., Dec. 6, 2018).......................................14

*Samuel–Bassett v. KIA Motors Am., Inc.*,
357 F.3d 392 (3d Cir. 2004) ......................................................................10, 11

*Smith v. Molnar*,
Case No. 07-cv-464-JJF, 2008 WL 2663435 (D. Del. July 2, 2008) ..................7

*St. Paul Mercury Indem. Co. v. Red Cab Co.*,
303 U.S. 283 (1938)........................................................................................8, 9

*Steel Valley Auth. v. Union Switch and Signal Div.*,
809 F.2d 1006 (3d Cir. 1987) ....................................................................6, 9, 12

*Suber v. Chrysler Corp.*,
104 F.3d 578 (3d Cir. 1997) ............................................................................10

**Statutes**

28 U.S.C. § 1332....................................................................................................8

28 U.S.C. § 1441(a) ...............................................................................................5

28 U.S.C. § 1446(c)(2)............................................................................................9

Delaware Deceptive Trade Practices Act, 6 *Del. C.* § 2533(c) ..............................11

Plaintiff Manhattan Telecommunications Corp., d/b/a Metropolitan Telecommunications, a/k/a MetTel ("MetTel"), by and through its counsel, moves for entry of an order remanding this case to the Delaware Court of Chancery, or alternatively, for expedited jurisdictional discovery.

## I.      Preliminary Statement

Because there is no dispute that the parties here are deemed citizens of different states, the sole issue presented by this Motion is whether the amount in controversy exceeds the jurisdictional threshold of $75,000.  Defendant Granite Telecommunications, LLC ("Granite") removed this case on the theory that MetTel's damages and the value of the injunctive relief it seeks exceed—by several million dollars—the $75,000 amount in controversy requirement for federal diversity jurisdiction.  Granite asserts this position even though MetTel expressly limited the value of the claimed damages and injunctive relief in the Complaint so as not to exceed the $75,000 amount in controversy requirement.  Moreover, Granite repeatedly and successfully argued in a prior action that the same allegations failed to assert *any* current or potential harm.  And Granite has not provided any competent evidence to satisfy its burden of proving "to a legal certainty" that the amount in controversy exceeds $75,000.

Granite's removal papers fail to carry its burden of proving that this Court has jurisdiction over this matter.  As such, the case should be remanded.

## II.      Statement of Facts and Procedural History

Granite has used the ongoing COVID-19 pandemic to enrich itself by capitalizing on the public's existing fears and generating new fears with misinformation about MetTel and its services.

Granite has begun telling MetTel's current and potential customers that MetTel is in dire financial straits and probably will not survive the COVID-19 crisis. Compl. ¶ 17.  These statements are false; they are based neither on actual facts nor on reasonable conclusions Granite could have reached from actual facts known by it.  *Id.,* ¶ 23-24.  The purpose of these lies is to convince MetTel's clients and potential clients that MetTel is an unreliable telecom provider that will likely go out of business and leave them without essential services when needed most.  *Id.,* ¶ 17. Granite has spread these lies via e-mails, voice mail messages, and telephone conversations with MetTel customers for the specific purpose of damaging MetTel's business and harming its reputation.  *Id.,* ¶ 18.

MetTel has evidence of three current customers that Granite has contacted with these lies.  *Id.,* ¶ 19-22, 25.  Although MetTel alleges Granite's actions have harmed the reputation of its services and its business, none of these three customers has (yet) cancelled its contract with MetTel.  *Id.,* ¶ 34-36.  And while MetTel has a reasonable basis to believe that Granite's efforts have extended, or will extend, beyond the three customers identified in its Complaint, at this time MetTel simply

does not know how many of its customers or potential customers Granite personnel have contacted with the same or similar false, misleading, and defamatory statements. *Id.,* ¶ 30.  Similarly, MetTel does not know at this time how many other customers or potential customers, or other new business it may lose or have lost because of Granite's conduct. *Id.,* ¶ 34, 46.

In an effort to put a stop to Granite's lies, whatever their scope, MetTel filed an action in the Delaware Court of Chancery (the "First Action") on May 19, 2020, and simultaneously moved for a Temporary Restraining Order and to expedite the proceedings. *See* Exs. 1-2. The Complaint in the First Action included the same or broader versions of the harm and damages allegations as in the Complaint in this action, but it did not include a specific monetary demand.  Ex. 1.

In its papers in opposition to MetTel's Motions, Granite argued that the pleadings in the First Action *did not allege any harm whatsoever.  See* Ex. 3; Opp. Br. at 2 ("MetTel has not alleged—and cannot allege—that it sustained any actual loss related to anything Granite purportedly did.  And even if such losses had been pleaded—and they have not . . .").  Counsel for Granite made clear during the hearing on MetTel's Motions that Granite's position was not that MetTel could not *prove* it had suffered harm; rather, Granite argued that the allegations in the First Complaint did not *allege* that MetTel had suffered, or would suffer, any harm:

> The second point is that on the facts here that have been alleged, there isn't any harm of any kind *that's been pleaded*.  The allegations in the

3

complaint are of two sophisticated business customers of MetTel who were allegedly contacted and who took no action whatsoever to leave MetTel. *There isn't any allegation in the complaint* that any of those customers had done anything. *There isn't any allegation in the complaint that MetTel has lost or will lose a single dollar as a result of anything that Granite allegedly did.*

Ex. 4, June 3, 2020, Hr'g Tr. 38:14-24 (emphasis added).[1]

The Chancery Court accepted Granite's arguments. *Id.,* 67:14-17 ("I'll also note that, in reading the complaint, there's not one factual allegation that Granite's alleged defamation has actually caused any harm to MetTel."). Based in part on this conclusion, the Chancery Court denied MetTel's Motions for Temporary Restraining Order and to expedite. *Id.,* 61:17-21. The Court nonetheless ordered that the dispute be resolved in an expeditious manner. *Id.,* 69:6–12. The Court indicated that the case would be set for trial in October of 2020. *Id.,* 70:10-14.

Seeking to avoid expedited discovery and trial, Granite removed the First Action to this Court on June 9, 2020. *See Metropolitan Telecommunications Corp. v. Granite Telecommunications, LLC,* Case No. 1:20- cv-775-CFC, D.I. 2 (D. Del. June 9, 2020).

---

[1] Granite's counsel made the same argument regarding the third customer mentioned during oral argument, which was not included in the First Complaint but is included in the current Complaint. See *id.,* 39:11-12 ("But even then, there's been no harm alleged.").

On June 15, 2020, MetTel voluntarily dismissed the First Action (*Id.,* D.I. 8 (D. Del. June 15, 2020)), and filed the present action in the Delaware Court of Chancery.

The Complaint in the present action is based on most of the same facts and asserting the same causes of action as in the First Action, but it eliminated certain allegations, theories, and claims for damages, and included a specific monetary demand.  Comp., ¶¶ 13, 22, 30, 33, 34, 37, 43, 57, Request for Relief.  MetTel did this to assure that the amount in controversy in this dispute falls below the monetary threshold for federal diversity jurisdiction.   The Complaint states:   "Based on information currently available to MetTel, the combined value of the monetary and reputational harm it has suffered in connection with Counts One through Five below does not exceed $75,000."   Compl., ¶ 37.   The Complaint further states that all damages sought in the case shall not exceed $75,000.   Compl., Request for Relief, ¶ G.

Nonetheless, Granite removed this action on June 26, 2020, hoping to once again avoid expedited discovery and trial.

## III.   Argument

A defendant may remove an action from state court only if the federal court would have had original jurisdiction had the action been brought in federal court in the first instance.  28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386,

391 (1987).  "This jurisdictional prerequisite to removal is an absolute, non-waivable requirement."  *Brown v. Francis,* 75 F. 3d 860, 864 (3d Cir. 1996).  A removing defendant bears the burden of demonstrating that federal jurisdiction exists.  *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir 2007); *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).  Facts upon which removal is based must be established by a preponderance of the evidence.  *Frederico v. Home Depot*, 507 F.3d 188, 194 (3d Cir. 2007).

In keeping with the legislative intent to limit removal from state courts (*see e.g.*, *Fields v. Organon, USA Inc.*, 2007 WL 4365312, *2 (D.N.J. 2007)), "removal statutes are to be strictly construed against removal, and all doubts should be resolved in favor of remand."  *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987).

### 1.     Granite has previously argued that the allegations in the Complaint fail to plead any harm or the potential for future harm to MetTel.

In the First Action, Granite argued repeatedly in opposition to MetTel's Motions for Temporary Restraining Order and to expedite that the allegations in the Complaint in that action *failed to plead* that MetTel had lost any customers, suffered any harm, or sustained any damages, or that any such harm would befall it in the future.  *See* Ex. 3 at 2, 20-22.  The Chancery Court agreed with Granite's argument, and based its rulings denying both of MetTel's Motions in part on that finding.  *See* Ex. 4, June 3, 2020, Hr'g Tr. 67:14-17.

Granite apparently realizes that the position it took successfully in the First Action would not work to its advantage in the current action.  In fact, Granite asks this Court to reach the *exact opposite* conclusion to the one it successfully urged upon the Chancery Court.  Granite now argues that the same allegations MetTel made in the First Action that alleged no current or future lost customers, damages, or harm of any type, in this action allege harm in the millions of dollars.  *See* Notice of Removal, ¶ 29.  Both positions cannot be correct; indeed, they are diametrically opposed.

This is not the familiar circumstance in which a defendant argues that the plaintiff is not entitled to *recover* anything under its claims, but nonetheless argues that the plaintiff has *alleged* facts and asserted claims that would entitle it to damages in excess of the $75,000 monetary threshold for federal court jurisdiction.  *See Smith v. Molnar*, Case No. 07-cv-464-JJF, 2008 WL 2663435 (D. Del. July 2, 2008). Here, Granite has taken opposing positions regarding *what the Complaint alleges*.  In the First Action, Granite argued that "there isn't any harm of any kind that's been pleaded. . . . There isn't any allegation in the complaint that MetTel has lost or will lose a single dollar as a result of anything that Granite allegedly did."  Ex. 4, June 3, 2020, Hr'g Tr. 38:14-24.

Granite correctly recognizes that "MetTel's allegations and the relief sought determine the amount in controversy for purposes of removal."  Notice of Removal,

¶ 21.  But the allegations that Granite now argues "place the value of an unspecified number of customer relationships in controversy . . . worth many millions of dollars," (*Id.* ¶ 39), are the same exact allegations Granite previously argued failed to plead any harm at all.

### 2.    Granite has failed to meet its burden of establishing that the amount in controversy exceeds $75,000.

A district court has subject matter jurisdiction over state law claims in an action based on diversity of citizenship only if there is complete diversity between the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332. Because there is no dispute that the parties here are deemed citizens of different states, the sole issue presented by this Motion is whether Granite has carried its burden of establishing that the amount in controversy exceeds $75,000.  For the reasons set forth below, Granite has not.

### A.    The Complaint expressly and unambiguously pleads that the amount in controversy does not to exceed $75,000.

The Supreme Court has long held that plaintiffs may limit their claims to avoid federal subject matter jurisdiction.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 294 (1938).  "'[A]s master of the case, the plaintiff may limit his claims (either substantive or financial) to keep the amount in controversy below the threshold.'"  *Morgan v. Gay,* 471 F.3d 469, 474 (3d Cir. 2006) (quoting *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)).  If a plaintiff

"does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury Indem.*, 303 U.S. at 294. *See also* 14A, C. Wright & A. Miller, Federal Practice and Procedure, § 3702 (3d ) 1998) at 46 ("Under well-settled principles, the plaintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy.").

The amount in controversy is determined from the complaint itself. *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353 (1961). The court "must focus on the plaintiff's complaint at the time the petition for removal was filed." *Steel Valley Auth. v. Union Switch Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). Unless the law gives a different rule, "the sum claimed by the plaintiff controls." *St. Paul Mercury Indem.*, 303 U.S. at 288. Put another way: "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014) (quoting 28 U.S.C. § 1446(c)(2)). *See also Mt. Healthy City Bd. of Ed v. Doyle*, 429 U.S. 274, 276 (1977) ("[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith."); *Mankodi v.*

9

*Trump Marina Assocs., Inc*., 525 F. App'x 161, 162 (3d Cir. 2013); *Suber v. Chrysler Corp.,* 104 F.3d 578, 583 (3d Cir. 1997).

Here, MetTel has explicitly pled that, based on the information currently available to it, the amount at issue and the damages it seeks do not exceed $75,000. *See* Compl., ¶ 36, Request for Relief ¶ G.  Unless Granite can prove that this allegation was not made in good faith, the amount in controversy is deemed to be less than $75,000.

### B.    Granite's removal papers fail to prove to a legal certainty that the amount in controversy exceeds $75,000.

In order to remove an action to federal court where the plaintiff specifically alleges that the amount in controversy is below the jurisdictional threshold, a defendant must demonstrate that the allegation does not meet the "broad good faith requirement with respect to the amount in controversy." *Morgan,* 471 F.3d at 474. "Good faith in this context is entwined with the 'legal certainty' test, so that a defendant will be able to remove the case to federal court by 'show[ing] to a legal certainty that the amount in controversy exceeds the statutory minimum[.]'"  *Id.* (quoting *Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004)).

The Third Circuit in *Frederico v. Home Depot*, resolved any confusion about the circumstances under which the "legal certainty" standard applies to the removing defendant and when it applies to the plaintiff seeking remand:

10

> *Morgan* applies where the complaint specifically avers that the amount sought is less than the jurisdictional minimum. There, a defendant seeking removal must prove to a legal certainty that plaintiff can recover the jurisdictional amount. By contrast, *Samuel-Bassett* applies where the plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum. There, the case must be remanded if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount.

50 F.3d at 196-97; s*ee also Judon v. Travelers Property Cas. Co. of America*, 773 F.3d 495, 504 n.8 (3d Cir. 2014) ("[I]n order to remove an action to federal court where the amount in controversy is alleged to be below the [jurisdictional threshold], 'defendants bear the burden to prove to a legal certainty that the complaint exceeds the statutory amount in controversy requirement.'") (quoting *Morgan,* 471 F.3d at 475). Granite has not met this burden.

Granite first argues that the mandatory trebling of any damages awarded under the Delaware Deceptive Trade Practices Act, 6 *Del. C.* § 2533(c) ("DPTA"), "mean[s] that MetTel's damages allegations alone put $225,000 in controversy." Notice of Removal, ¶ 25. This argument suffers from two obvious defects. First, it assumes that MetTel had pled that it is entitled to $75,000 in damages under its DPTA claim. But MetTel has done no such thing. The Complaint clearly alleges that, based on information currently available to MetTel, the combined value of the monetary and reputational harm it has suffered in connection with all causes of action does not exceed $75,000. Compl., ¶ 37. Second, it assumes that MetTel's damages claim does not account for DPTA mandatory trebling. But there is nothing

11

in the Complaint supporting that assumption, and it was certainly not MetTel's intent that its request for damages "not to exceed $75,000" be thereafter trebled. *See* Compl., Request for Relief, ¶ G. To the extent there is any ambiguity on this point, "all doubts should be resolved in favor of remand." *Steel Valley Auth.*, 809 F.2d at 1010.

Next, Granite argues that the value of MetTel's request for injunctive relief is worth "many millions of dollars." Notice of Removal, ¶ 39. This argument is based on Granite's assessment of the value of customer accounts that MetTel has not lost— a fact that Granite has been quick to point out and that MetTel does not dispute. *See* NOR ¶¶ 33-37; Compl. ¶¶ 19-22; Ex. 3 at p. 2, 21. The only support Granite offers for the alleged value of these accounts are its own estimates, which are not supported by any competent evidence. *See* Notice of Removal, ¶¶ 33-37. This does not satisfy Granite's burden of proving that the amount in controversy exceeds the jurisdictional threshold; it is not competent proof at any level, and certainly not proof to a legal certainty. *See McNutt v. Gen. Motors Acceptance Corp. of Indiana,* 298 U.S. 178, 189 (1936) ("if [a party's] allegations of jurisdictional facts are challenged by [an] adversary in any appropriate manner, he [or she] must support them by competent proof."). Granite also offers no explanation for why the value of the injunctive relief sought by MetTel should be based on the full value of customer accounts MetTel has not even lost.

To the extent that the value Granite places on MetTel's claims extends beyond these three customers, Granite points to "the value of an unspecified number of customer relationships" MetTel has put at issue.  Notice of Removal, ¶ 39.  But MetTel has been careful to point out in its Complaint that it "does not know how many of its customers and potential customers Granite personnel have contacted with the same or similar false, misleading, and defamatory statements about MetTel."  Compl. ¶ 30.  Because it has hard evidence of only three customers at this time, MetTel has no actual proof—and, therefore, cannot assert in a pleading—that Granite's campaign *has* extended beyond the three customers.  *Id.*  MetTel does assert that it has a "reasonable basis to believe that Granite's efforts have extended, or will extend, beyond these three customers" (*Id.*), but a reasonable basis to believe is not the same as alleging that it actually occurred—another point Granite successfully made in its opposition to MetTel's Motions for Temporary Restraining Order and to expedite. *See, e.g.*, Ex. 3 at. p. 33 ("MetTel has not alleged the requisite pattern of conduct necessary to warrant an injunction under its terms."); p. 35 ("any purported 'pattern[] of deceptive conduct' is founded solely on surmise and conjecture . . ."); Ex. 4, Tr. 43:7-10 ("[I]f there were a pattern, MetTel would know about it and it would be able to allege more than just these two isolated incidents.").

Finally, given that the number and identity of customers beyond these three is "unspecified," Granite's attempt to place a value on those relationships is pure

guesswork.  This also fails to satisfy its burden.  *See Barnes v. State Farm Mut. Auto, Ins. Co.*, No, 03-6874, 2004 U.S. Dist. LEXIS 7200, at * 7 (E.D. Pa., Apr, 7 2004) (if "'the Court has to guess as to the amount in controversy after removal, defendant has not proved its point.'") (quoting *Irving v. Allstate Indem. Co.*, 97 F. Supp. 2d 653, 656 (E.D. Pa. 2000)).

Taken as whole, Granite relies on estimates of revenue related to customers not even alleged as lost, and speculative assertions about unknown numbers of unknown customers, to prove that the amount in controversy exceeds the jurisdictional threshold.  This is far from sufficient to meet its burden of proof to a legal certainty.

### 3.     Alternatively, expedited jurisdictional discovery should be allowed.

Should this Court conclude that substantial questions remain as to whether the amount in controversy exceeds the jurisdictional threshold, that by definition means that Granite has not met its burden of proof and the case should be remanded. Alternatively, jurisdictional discovery should be ordered to resolve such questions.  *See Polanco v. Amgard Ins. Co.*, 2018 WL 6380707 (U.S.D.C. D. Del., Dec. 6, 2018), at *4 (the Supreme Court in *Dart* "'made clear that post-removal discovery is allowed to determine whether § 1332(a)'s jurisdictional amount is satisfied: 'Discovery may be taken with regard to th[e] question' of the amount in controversy.") (quoting *Dart*, 574 U.S. at 88 (internal quotation omitted)).

14

Jurisdictional discovery should be expedited.  The irreparable harm to MetTel's reputation and business will continue if Granite is not brought to task and ordered to terminate its campaign against MetTel immediately.  And that cannot occur until this jurisdictional issue is resolved.  Any discovery necessary to resolve it should proceed as expeditiously as possible.

## IV.    Conclusion

MetTel, respectfully requests entry of the attached Order: (1) remanding this case to the Delaware Court of Chancery, or alternatively (2) ordering expedited jurisdictional discovery.

Dated:  July 10, 2020                          **K&L GATES LLP**

                                               */s/ Steven L. Caponi*
                                               Steven L. Caponi (No. 3484)
                                               Matthew B. Goeller (No. 6283)
                                               600 N. King St., Suite 901
                                               Wilmington, DE 19801
                                               Tel: (302) 416-7000
                                               steven.caponi@klgates.com
                                               matthew.goeller@klgates.com

                                               *Attorneys for Plaintiff*