# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MANHATTAN TELECOMMUNICATIONS CORP., D/B/A METROPOLITAN TELECOMMUNICATIONS, A/K/A METTEL, <br><br> Plaintiff, <br><br> v. <br><br> GRANITE TELECOMMUNICATIONS, LLC, <br><br> Defendant. | C.A. No. 20-857-CFC |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO NON-PARTY PROFESSOR EUGENE VOLOKH'S MOTION TO INTERVENE AND UNSEAL**

**K&L GATES LLP**
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
600 N. King Street, Suite 901
Wilmington, DE 19801
(302) 416-7080
steven.caponi@klgates.com
matthew.goeller@klgates.com

*Attorneys for Plaintiff*

Dated: July 15, 2020

# **TABLE OF CONTENTS**

                                                                                    **Page**

I. INTRODUCTION ............................................................................................... 1

II. PROCEDURAL HISTORY ................................................................................ 1

      A. Court of Chancery (First Action) ............................................................. 1

      B. District Court (First Action) ..................................................................... 3

      C. Court of Chancery (This Action) .............................................................. 4

      D. District Court (This Action) ..................................................................... 5

III. ARGUMENT ....................................................................................................... 6

      A. Legal Standard .......................................................................................... 6

      B. Professor Volokh's interest in unsealing the documents does not outweigh the continued irreparable harm MetTel will suffer if the Motion is granted ........................................................................................ 7

           1. Exhibit 2 contains defamatory statements that will cause further irreparable harm if made public. ..................................................... 7

           2. Professor Volokh has not identified a compelling interest that outweighs the potential harm to MetTel. ....................................... 9

           3. This Court and the Court of Chancery have already found "good cause" to seal the documents contained in Exhibit 2. ................... 11

IV. CONCLUSION .................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Avandia Mktg.*,
    924 F.3d 662 (3d Cir. 2019) .................................................................................. 6

*CapStack Nashville 3 LLC v. MACC Venture Partners*,
    2018 WL 3949274 (Del. Ch. Aug. 16, 2018) ..................................................2, 7, 8

*Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*,
    307 F.3d 1206 (9th Cir. 2002) ..................................................................... 10, 12

*Glenmede Tr. Co. v. Thompson*,
    56 F.3d 476 (3d Cir. 1995) ................................................................................. 9

*Horizon Pers. Commc'ns, Inc. v. Sprint Corp.*,
    2006 WL 2337592 (Del. Ch. Aug. 4, 2006) ........................................................ 8

*Littlejohn v. Bic Corp.*,
    851 F.2d 673 (3d Cir. 1988) ............................................................................... 6

*Mosaid Techs. Inc. v. LSI Corp.*,
    878 F. Supp. 2d 503 (D. Del. 2012) ............................................................. 7, 12

*Pansy v. Borough of Stroudsburg*,
    23 F.3d 772 (3d Cir. 1994) ................................................................................. 9

*United States v. Corbitt*,
    879 F.2d 224 (7th Cir. 1989) ...................................................................... 10, 12

## I. INTRODUCTION

Professor Eugene Volokh seeks to intervene in this case and unseal portions of documents that were properly filed under seal in accordance with four prior court orders: two in the Court of Chancery and two in this Court. As already established in this Court and the Court of Chancery, the documents contain defamatory statements that will cause irreparable harm to Plaintiff Manhattan Telecommunications Corp., d/b/a Metropolitan Telecommunications, a/k/a MetTel ("MetTel"). Prof. Volokh has failed to establish any legitimate interest in unsealing these documents that outweigh MetTel's interests in avoiding irreparable harm, or that warrant usurping this Court's and the Court of Chancery's previous orders. Prof. Volokh's Motion should be denied.

## II. PROCEDURAL HISTORY

### A. Court of Chancery (First Action)

On May 19, 2020, MetTel filed a Verified Complaint against Defendant Granite Telecommunications, LLC ("Granite") in the Court of Chancery. *See Manhattan Telecommunications Corp. v. Granite Telecommunications, LLC*, C.A. No. 20-775 (the "First Action"), D.I. 11 at B1.[1] In that Complaint, MetTel alleged that Granite was spreading false and defamatory statements about MetTel and was

---

[1] For ease of reference, MetTel cites to the documents as filed in the First Action pursuant to Granite's Notice of Removal in the First Action: the First Action, D.I. 2 and D.I. 11.

engaged in an effort to tortiously interfere with MetTel's relationships with its current and potential customers. *Id.* MetTel sought immediate injunctive relief to prevent further irreparable harm to its business. To obtain such relief, MetTel filed a Motion to Expedite, a Motion for a Temporary Restraining Order, and an Opening Brief in Support of the Motion to Expedite and Motion for a Temporary Restraining Order. *See* the First Action, D.I. 2-1 at A2–A4; D.I. 11 at B3.

MetTel filed its initial pleadings under seal in accordance with Court of Chancery Rule 5.1. Those papers cited specific statements made by Granite that are defamatory and part of an ongoing effort to damage MetTel's standing in the marketplace and tortiously interfere with MetTel's business relationships. Guided by the Court of Chancery's holding in *CapStack Nashville 3 LLC v. MACC Venture Partners*, No. 2018-0552-SG, 2018 WL 3949274 (Del. Ch. Aug. 16, 2018), MetTel filed its pleadings—which referred to and repeated Granite's defamatory statements—under seal.

On May 27, 2020, in accordance with Court of Chancery Rule 5.1, MetTel filed public, redacted versions of its initial pleadings. The public versions redacted only the defamatory statements and the relevant context surrounding them. The First Action, D.I. 11 at B1–B3.

Granite also sought confidential treatment of *its* papers. On May 26, 2020, Granite filed a motion extend confidential treatment to its Answering Brief in

opposition to MetTel's request for injunctive relief. The First Action, D.I. 2-1 at A30. Granite noted that its Answering Brief and exhibits quoted MetTel's pleadings, as well as other non-public business information related to Granite. *Id.* On May 27, 2020, the Court of Chancery granted Granite's motion to file under seal. The First Action, D.I. 2-1 at A35. On June 4, 2020, Granite filed the public, redacted versions of its Answering Brief and related papers. The First Action, D.I. 11 at B4–B10; D.I. 2-1 at A46.

In its brief in reply to Granite's Answering Brief, MetTel referred to and cited certain non-public information about MetTel. The First Action, D.I. 11 at B11. It also discussed the false and defamatory statements made by Granite and explained how those statements are causing irreparable harm to MetTel's business. *Id.* Accordingly, MetTel filed its Reply Brief under seal. On June 8, 2020, MetTel filed the public, redacted version of its reply papers. *Id.*

### B. District Court (First Action)

On June 9, 2020, Granite removed the case to this Court. The First Action, D.I. 2. Because the above-referenced pleadings and related papers were filed under seal in the Court of Chancery, Granite sought leave to file those papers under seal as Exhibit B to the Notice of Removal in this Court. The First Action, D.I. 1. This Court ordered MetTel to file a Motion to show why good cause existed to afford confidential treatment to Exhibit B. MetTel filed its Motion on June 16, 2020. The

First Action, D.I. 9. The Court granted MetTel's request. The First Action, D.I. 10. The Court maintained Exhibit B under seal and, on June 25, 2020, Granite filed the public, redacted version of Exhibit B in accordance with D. Del. LR 5.1.3 and CM/ECF procedures. The First Action, D.I. 11.

On June 15, 2020, MetTel voluntarily dismissed its Complaint against Granite in this Court. The First Action, D.I. 8. The Court thereafter closed this case.

On June 26, 2020, non-party Eugene Volokh entered an appearance in the First Action and filed a motion to intervene and unseal Exhibit B. The First Action, D.I. 13. MetTel file its opposition on July 10, 2020. The First Action, D.I. 15.

### C. Court of Chancery (This Action)

On June 15, 2020, MetTel filed a new action in the Court of Chancery asserting the same causes of action against Granite as were asserted in the First Action, along with a Motion to Expedite. *See Manhattan Telecomms. Corp. v. Granite Telecomms., LLC*, C.A. No. 2020-0486-JRS (Del. Ch.). The papers in that action recount the same defamatory statements as in this action. Accordingly, MetTel filed the Complaint and exhibits under seal. *Id.* at Trans. ID 65699162. In accordance with Court of Chancery Rule 5.1, MetTel filed a public, redacted version of its Complaint on June 18, 2020. *Id.* at Trans. ID 65710910. On June 24, 2020, the Court of Chancery granted MetTel's motion for confidential treatment of its

Motion to Expedite. *Id.* at Trans. ID 65720422.  On July 2, 2020, MetTel filed a public, redacted version of the Motion to Expedite. *Id.* at Trans. ID 65742483.  The public versions redacted only the defamatory statements and the relevant context surrounding them.

On June 29, 2020, counsel for non-party Prof. Volokh entered an appearance in the second Chancery Court action and filed a notice challenging the confidential treatment of MetTel's Verified Complaint, Exhibits, and Motion to Expedite.  On July 10, 2020, MetTel filed a Motion for Continued Confidential Treatment in accordance with Court of Chancery Rule 5.1(f)

### D.   District Court (This Action)

On June 26, 2020, Granite removed the second Chancery Court case to this Court.  D.I. 2.  Because the above-referenced pleadings and related papers were filed under seal in the Court of Chancery and this Court, Granite sought leave to file these papers under seal as Exhibit 2 to the Notice of Removal in this Court.  D.I. 1.  The Court granted MetTel's request.  D.I. 5.  The Court maintained Exhibit 2 under seal and, on July 2, 2020, Granite filed the public, redacted version of Exhibit 2 in accordance with D. Del. LR 5.1.3 and CM/ECF procedures.  D.I. 9.

On June 30, 2020, Prof. Volokh filed a motion to intervene and unseal Exhibit 2.  D.I. 8. MetTel opposes that request and seeks the continued confidential treatment of those documents that comprise Exhibit 2.  These documents contain

statements that are defamatory and will cause irreparable harm to MetTel. These documents were previously designated for confidential treatment in the Court of Chancery and this Court. Good cause exists to maintain these same documents under seal in this Court.

### III. ARGUMENT

#### A. Legal Standard

Although there is a "presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive," the right is "not absolute." *In re Avandia Mktg.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *In re Cendant Corp.*, 260 F.3d 183, 192–93 (3d Cir. 2001) and *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986)); *see also Littlejohn v. Bic Corp.*, 851 F.2d 673, 677–78 (3d Cir. 1988). A party seeking confidential treatment of a document overcomes the presumption of access if "the interest in secrecy outweighs the presumption." *In re Avandia Mktg.*, 924 F.3d at 672 (quoting *Bank of Am.*, 800 F.2d at 344). The material sought to be confidential needs to be the kind of information that courts will protect and "that disclosure will work a clearly defined and serious injury to the party seeking closure.'" *Id.* (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

The Court must apply a "good cause" standard to justify sealing or redacting judicial records; this requires a balancing process, in which the Court weighs the

harm of disclosing information against the importance of disclosure to the public. *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507–08 (D. Del. 2012).

Prof. Volokh argues that the harm that MetTel has alleged is insufficient to rebut the general presumption of public access to judicial records. That argument is without merit.

> **B.  Professor Volokh's interest in unsealing the documents does not outweigh the continued irreparable harm MetTel will suffer if the Motion is granted.**
>
>> **1.  Exhibit 2 contains defamatory statements that will cause further irreparable harm if made public.**

Further dissemination of the statements contained in Exhibit 2 would not serve the interests of justice but would rather only inflict harm to MetTel. *CapStack Nashville 3 LLC v. MACC Venture Partners*, 2018 WL 3949274 (Del. Ch. Aug. 16, 2018) is instructive. In *CapStack*, the Court of Chancery found that plaintiff had not demonstrated irreparable harm because the pleadings that contained the allegedly defamatory statements had been filed publicly:

> The filings in this case are a matter of public record; none of the parties' papers have been filed under seal. Indeed, the Plaintiffs themselves attached to the Complaint the letters that contain the purportedly defamatory material. As a result, the allegedly false information the Defendants intend to convey to the SEC and other investors is already accessible to the public. It is unlikely, then, that further dissemination of this publicly available information would work irreparable harm on the Plaintiffs.

*CapStack Nashville 3 LLC*, 2018 WL 3949274, at *3.

7

MetTel filed its papers under seal, and they should remain under seal, to avoid the very problem identified by the court in *CapStack*: that the toothpaste cannot be put back in the tube once it has been squeezed out.

Further, if this Court were to discontinue the confidential treatment of the pleadings that contain Granite's defamatory statements, this Court would effectively thwart MetTel's efforts to prevent further irreparable harm. As explained in MetTel's Complaint, Granite's lies are already causing serious irreparable harm to MetTel's reputation in the marketplace. These statements damage trust in MetTel's services and its business, compromising existing and future relationships in a way that may never be overcome. *See Horizon Pers. Commc'ns, Inc. v. Sprint Corp.*, 2006 WL 2337592, at *24 (Del. Ch. Aug. 4, 2006) ("The loss of control of reputation, loss of trade, and loss of goodwill constitute irreparable injury.").

A primary question in this ongoing litigation is how extensively Granite has spread these lies. At present, MetTel has solid proof of Granite's having contacted only three MetTel customers. If that is the full extent of Granite's campaign against MetTel, the harm it has caused to MetTel has been contained and, if MetTel prevails, will remain contained. But if those defamatory statements are made public, MetTel will effectively be denied the justice it seeks, and Granite will be able to continue harming MetTel without having to do anything further. *See Pansy v. Borough of*

*Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994) ("It is appropriate for courts to order confidentiality to prevent the infliction of unnecessary or serious pain.").

MetTel's Complaint does not contain "generic potential harm" (Mov. Br. at 4) or "general allegations of injury to reputation and client relationships or embarrassment." *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 484 (3d Cir. 1995). Rather, it contains a detailed section in its Complaint outlining specifically the exact harm that it faces because of Granite's conduct. MetTel specifically alleges harm beyond its reputation, including but not limited to direct harm to its business relationships with current and potential customers. To that end, MetTel asserts five claims against Granite, including defamation, trade libel, tortious interference with prospective economic advantage, tortious interference with contractual relations and violation of the Deceptive Trade Practices Act, 6 *Del. C.* § 2532. MetTel clearly laid out in the Complaint the impact to it of Granite's lies—an impact this Court will expand substantially if it grants Prof. Volokh's Motion.

### 2. Professor Volokh has not identified a compelling interest that outweighs the potential harm to MetTel.

Filing under seal rebuts the general presumption in favor of public access to documents; a third party seeking disclosure must present "compelling reasons" to release previously sealed documents. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *United States v. Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989) (same).

9

Professor Volokh is not a party to these proceedings and has no known connection to either MetTel or Granite. Prof. Volokh mentions only one time in his entire brief the "legitimate purpose" which he argues outweighs the potential for irreparable harm to MetTel: "To publicly discuss, on his Reason Magazine-hosted blog and potentially in his law review article, how libel litigants are trying to use the legal system to restrict speech." D.I. 8 at 12–13. This is not a compelling reason for the Court to unseal documents that threaten irreparable harm and were previously sealed under court order. This is particularly true in light of Prof. Volokh's failure to explain why he would be unable to discuss publically this issue on his blog or in his law review article based on the publicly available versions of the papers on the docket this case.

Nor is it clear why this particular litigation would be of public interest on the issue of "overbroad injunctions." MetTel's request for a temporary restraining order and preliminary injunction in this matter was denied and the first Chancery action was then voluntarily dismissed in this Court. *See* the First Action, D.I. 8. In the second case, MetTel is not seeking a TRO or a preliminary injunction, so any injunctive relief it will receive will be granted only after a full trial. Until then, there seems to be no reason why the defamatory statements underlying a *request* for an injunction are of any public interest.

Professor Volokh also attempts to justify his request by arguing that MetTel is a "public person subject to legitimate public scrutiny" because it is "a corporation providing services to many clients, apparently including the government." D.I. 8 at 13. Prof. Volokh cites no authority supporting his theory that MetTel is a "public person" simply because it was granted a public contract. *Id.* Nor is MetTel aware of any such authority. MetTel is a privately held company that is no more a "public person" than every other company selling products or services on the open market. The details of its business operations and finances are not available beyond the company and those with a strict "need to know." Moreover, arguing that MetTel is subject to scrutiny as a "public person" assumes that the statements made about it that Prof. Volokh seeks unsealed are true, which they are not. They also were not made in a public forum, but rather privately to MetTel's customers and restated privately in the context of this litigation, under seal. There is no overriding public interest in unsealing these documents.

### 3. This Court and the Court of Chancery have already found "good cause" to seal the documents contained in Exhibit 2.

As previously noted, courts apply a "good cause" standard to justify sealing or redacting judicial records, which requires a "balancing process, in which courts weigh the harm of disclosing information against the importance of disclosure to the public." *Mosaid Techs.*, 878 F. Supp. 2d at 507–08. While federal courts have recognized that the common law right of access "creates a strong presumption in

11

favor of public access to materials submitted as evidence in open court, this presumption should not apply to materials properly submitted to the court under seal." *See Corbitt*, 879 F.2d at 228. "Applying a strong presumption of access to documents a court has already decided should be shielded from the public would surely undermine, and possibly eviscerate, the broad power of the district court to fashion protective orders." *Phillips*, 307 F.3d at 1213.

On four separate occasions, the Court of Chancery and this Court have found that "good cause" exists to seal the material in Exhibit 2. On May 27, 2020, the Court of Chancery granted Granite's motion to file under seal. On June 22, 2020, this Court granted Granite's motion to file Exhibit B under seal in the First Action. On June 24, 2020, the Court of Chancery in the second action issued a second order granting confidential treatment of those materials. And on June 29, 2020, this Court issued an order granting confidential treatment to Exhibit 2. The fact that two different courts have concluded on four separate occasions that these materials merit confidential treatment weighs heavily against the pending motion to unseal.

## IV.   CONCLUSION

For the foregoing reasons, MetTel respectfully requests that the Court deny Prof. Volokh's Motion to Intervene and Unseal in its entirety.

Dated:  July 15, 2020                                    **K&L GATES LLP**

*/s/ Steven L. Caponi*
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
600 N. King St., Suite 901
Wilmington, DE 19801
Tel: (302) 416-7000
steven.caponi@klgates.com
matthew.goeller@klgates.com

*Attorneys for Plaintiff*