IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| MANHATTAN TELECOMMUNICATIONS CORP. D/B/A METROPOLITAN TELECOMMUNICATIONS, A/K/A METTEL | : : : : : : : | C.A. 1:20-cv-00857-CFC |
| Plaintiff, | : : | |
| v. | : : | |
| GRANITE TELECOMMUNICATIONS, LLC, | : : : | |
| Defendant. | : | |

## DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE

OF COUNSEL:

DONNELLY, CONROY & GELHAAR, LLP
T. Christopher Donnelly (admitted *pro hac vice*)
Joshua N. Ruby (admitted *pro hac vice*)
260 Franklin Street, Suite 1600
Boston, MA 02110
(617) 720-2880

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
R. Judson Scaggs, Jr. (#2676)
Barnaby Grzaslewicz (#6037)
A. Gage Whirley (#6707)
1201 N. Market Street
Wilmington, DE 19801
(302) 658-9200

*Counsel for Defendant Granite Telecommunications, LLC*

Dated:      July 15, 2020

# **TABLE OF CONTENTS**

**Page**

I.  NATURE AND STAGE OF THE PROCEEDINGS ..........................................1

II.  SUMMARY OF ARGUMENT ..............................................1

III.  RELEVANT BACKGROUND .................................................2

IV.  ARGUMENT .............................................................4

    A.  Legal Standard.........................................................4

    B.  The Federal Rules Of Civil Procedure Do Not Contemplate Expedited Proceedings...............................................................5

    C.  Any Decision About Expedition Should Be Deferred Until After The Court Decides Granite' Motion To Dismiss, Granite's Motion To Transfer, And MetTel's Motion To Remand.................................................5

    D.  To The Extent MetTel Seeks Expedited Discovery Under Applicable Federal Law, Such Relief Is Also Unwarranted...................................8

V.  CONCLUSION ..........................................................10

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Baldwin v. Nat'l Safety Assocs., Inc.*,
  1994 WL 139267 (N.D. Cal. Apr. 6, 1994) ........................................................8

*Cont'l Warranty, Inc v. Warner*,
  2014 WL 2754931 (D. Del. June 17, 2014) .......................................................8

*Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck
  Drivers Local No. 70 of Alameda Cty.*,
  415 U.S. 423 (1974)..........................................................................................4, 5

*High v. BNSF Ry. Co.*,
  2006 WL 3358429 (S.D. Tex. Nov. 17, 2006) ...................................................7

*Kone Corp. v. ThyssenKrupp USA, Inc.*,
  2011 WL 4478477 (D. Del. Sept. 26, 2011)........................................................9

*Manhattan Telecommunications Corp. v. Granite
  Telecommunications, LLC*,
  C.A. No. 2020-0380-JRS, June 3, 2020 (Hr'g Tr.) ....................................*passim*

*Moore v. McKibbon Bros., Inc.*,
  41 F. Supp. 2d 1350 (N.D. Ga. 1998)................................................................7

*Reybold Grp. of Cos. v. John Does 1-20*,
  323 F.R.D. 205 (D. Del. 2017) ......................................................................8, 9

**Rules and Statutes**

28 U.S.C. § 1404...................................................................................................1, 7

Fed. R. Civ. P. 12(b)(6)..........................................................................................1, 7

Fed. R. Civ. P. 81(c)(1)..........................................................................................4, 5

## I.    NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff Manhattan Telecommunications Corp., d/b/a Metropolitan Telecommunications, a/k/a MetTel ("MetTel") filed an action against Defendant Granite Telecommunications, LLC ("Granite") in the Delaware Court of Chancery on May 19, 2020, seeking injunctive relief and damages (the "First Action"). MetTel also sought a temporary restraining order and expedited proceedings, both of which the Court of Chancery (Slights, V.C.) denied after a hearing on June 3, 2020.  Granite then removed to this Court, and MetTel voluntarily dismissed the First Action on June 15, 2020.

MetTel thereafter commenced this case in the Delaware Court of Chancery on June 15, 2020 asserting the same claims based on the same facts and seeking similar relief.  Ten days later, on June 25, 2020, MetTel moved to expedite the state court proceedings, seeking a trial date in October 2020.

Granite removed this action to this Court on June 26, 2020, and has moved to dismiss MetTel's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), and to transfer this case pursuant to 28 U.S.C. § 1404(a) to the District of Massachusetts, or, in the alternative, to the Southern District of New York.

## II.    SUMMARY OF ARGUMENT

1.    MetTel's motion to expedite rests solely on Delaware state law, which does not apply here.  The Federal Rules of Civil Procedure—which apply to this

1

removed action—do not provide for expediting entire cases, in contrast to Delaware state court procedure.

2.    Granite has filed a meritorious motion to dismiss.  And even if any of MetTel's claims survive the motion to dismiss, Granite has also filed a meritorious motion to transfer.  Any decision on MetTel's motion to expedite—a core matter of case management—should be left to the transferee court.  Likewise, even if the case is not transferred, the question of case scheduling should be deferred until a ruling on Granite's motion to dismiss.

3.    Even assuming, *arguendo*, that this case is not transferred or dismissed, MetTel has not met this Court's standard for ordering expedited discovery and the extraordinarily accelerated trial date proposed by MetTel.

## III.    RELEVANT BACKGROUND[1]

Although MetTel accuses Granite of orchestrating an "[o]ngoing [c]ampaign of [l]ies," Compl. at 6, its Complaint contains only a few specific, non-speculative factual allegations regarding Granite's alleged conduct.  According to MetTel, out of its "countless" customers[2] nationwide, Granite personnel—located outside of

---

[1] Granite discusses the factual background of this matter in more detail in its brief in support of its motion to dismiss, filed contemporaneously with this opposition. *See* D.I. 17 at 2-9.  Granite incorporates that discussion herein by reference.

[2] "Recognized for our flexible and customer-driven approach, MetTel services countless universal brands, Fortune 500 organizations, and the US government, developing and implementing their tech strategies while revamping all operations

2

Delaware—contacted three MetTel customers—also located outside of Delaware—and made vague statements of opinion about MetTel during the course of ordinary sales communications.  None of these customers breached its contract or otherwise changed its relationship with MetTel in any way as a result of these vague statements of opinion.

MetTel attempts to link these three customers to a different, unnamed customer, who "has not returned MetTel's calls and has rejected efforts to set up a meeting with MetTel since being contacted by Granite."  Compl., ¶ 28. But MetTel pointedly fails to plead this customer's name or any facts to suggest that this customer actually was recently contacted by Granite or, if so, the words or substance of what Granite personnel allegedly communicated to the customer.

Finally, MetTel speculates that Granite salespeople made similarly vague statements of opinion to other customers.  *Id.*, ¶ 27.  MetTel admits it makes this accusation "upon information and belief" with no supporting factual allegations or references to supporting evidence.  *Id.*

MetTel commenced the First Action on May 19, 2020 and simultaneously moved for a temporary restraining order and for expedited proceedings.  The Court of Chancery declined impose an unconstitutional prior restraint on Granite's

---

with our proprietary cloud-platform."  MetTel, Careers, Senior Talent Acquisition, https://mettel.catsone.com/careers/42816-General/jobs/9757158-Senior-Talent-Acquisition (last visited June 23, 2020).

potentially protected speech and therefore denied MetTel's motion. *See Manhattan Telecommunications Corp. v. Granite Telecommunications, LLC*, C.A. No. 2020-0380-JRS, June 3, 2020 Hearing Tr. ("June 3 Hr'g Tr.") at 66:24-67:3. The Court also held that MetTel had alleged only speculative harm and had not met its burden to show irreparable harm, warranting denial of both MetTel's request for a temporary restraining order and its request for expedited proceedings. *See id.* at 67:14-24 (noting, among other things, that "in reading the complaint, there's not one factual allegation that Granite's alleged defamation has actually caused any harm to MetTel.").

## IV.   ARGUMENT

### A.  Legal Standard

"[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings." *Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 437 (1974); *see also* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court.").  Neither the Federal Rules of Civil Procedure nor the District of Delaware Local Rules provide for expediting an entire case.

4

**B.  The Federal Rules Of Civil Procedure Do Not Contemplate Expedited Proceedings**

Nothing in the Federal Rules of Civil Procedure or the District of Delaware Local Rules provides for expediting *all* proceedings in a case.  Regardless of whether such relief is available in the Delaware Court of Chancery, the rules of this Court have no provision for it.  *See Granny Goose Foods, Inc.*, 415 U.S. at 437; *see also* Fed. R. Civ. P. 81(c)(1).  MetTel cannot point to any authority, in this District or elsewhere, by which the Court can expedite all proceedings in this case and permit it to leapfrog the numerous other civil and criminal cases on this Court's busy docket.  MetTel's motion to expedite should be denied on this basis alone.

**C.  Any Decision About Expedition Should Be Deferred Until After The Court Decides Granite' Motion To Dismiss, Granite's Motion To Transfer, And MetTel's Motion To Remand**

Even leaving aside the procedural and substantive flaws in MetTel's motion to expedite, this Court should defer consideration of the motion given Granite's contemporaneous filing of a meritorious motion to dismiss (D.I. 16) and a meritorious motion to transfer (D.I. 19).  MetTel's pending motion to remand (D.I. 12), challenges—unsuccessfully—this Court's subject matter jurisdiction, which provides still another basis for deferring consideration of MetTel's motion to expedite.  Given the pendency of these motions, this Court should exercise its discretion to defer consideration of the motion to expedite until after resolving the

5

motions that may end the case without further proceedings or result in another court hearing this dispute on the merits.

*First*, Granite has filed a contemporaneous motion to dismiss which identifies the many fatal flaws in MetTel's pleading, among them:

- MetTel fails to allege causation or damages, because it does not identify even a single customer or prospective customer it claims to have lost as a result of Granite's statements.

- MetTel's tortious interference with contract claim fails because MetTel does not identify even a single contract that any customer breached.

- MetTel's defamation and trade libel claims fail because Granite's alleged statements were either statements of pure opinion or made no representations of fact whatsoever.

- MetTel's claim under the Delaware Deceptive Trade Practices Act ("DTPA") fails because the DTPA does not apply and, even if it did, MetTel fails to adequately plead the requisite pattern of conduct.

*See* D.I. 17 at 12-21.  It makes no sense to expend the resources of the Court and the parties adhering to an extraordinarily short set of deadlines, only to have the Court determine that MetTel's inadequately pleaded claims should never have reached the discovery stage in the first place.[3]  Until the Court decides that MetTel

---

[3] The Court of Chancery reached the same conclusion as part of the temporary restraining order and expedition proceedings in the First Action.  There, the Court concluded that discovery should not proceed until after the adjudication of Granite's motion to dismiss.  *See* June 3 Hr'g Tr. at 70:23-71:1 ("I don't think discovery should occur while that motion practice is ongoing if the defendant intends to bring a 12(b) motion.").

has stated any claims under the Rule 12(b)(6) standard—and MetTel has not done so—no sensible reason exists to order the parties to proceed on an expedited basis.

*Second*, Granite has filed a contemporaneous motion pursuant to 28 U.S.C. § 1404(a) to transfer this case to the District of Massachusetts or, in the alternative, the Southern District of New York.  Granite's motion is meritorious for the simple fact that this case has no connection to Delaware whatsoever except for the fact that both parties happen to be organized under Delaware law.  Among other things:

- MetTel's headquarters and principal place of business are in New York, Granite's are in Massachusetts.

- Neither MetTel nor Granite has *any* employees in Delaware, let alone any likely employee witnesses.

- None of the likely third-party witnesses are located in Delaware because none of the customers identified in the Complaint are located in Delaware.

- None of MetTel's claims arose in Delaware. All of the allegedly defamatory statements that form the basis of MetTel's claims were made by and to individuals outside of Delaware. And because MetTel is headquartered and has its principal place of business in New York, any alleged harm would have occurred principally in New York, not Delaware.

*See* D.I. 20 at 8-17.

Courts ordinarily decline to rule on pending motions when considering whether to transfer under § 1404(a) because "it is more appropriate for the trial judge in the transferee district to do so."  *Moore v. McKibbon Bros., Inc.*, 41 F. Supp. 2d 1350, 1357-58 (N.D. Ga. 1998); *see also High v. BNSF Ry. Co.*, 2006

7

WL 3358429, at *3 (S.D. Tex. Nov. 17, 2006) (granting transfer and ordering that "[a]ll pending motions are left to the discretion of the transferee Court."); *Baldwin v. Nat'l Safety Assocs., Inc.*, 1994 WL 139267, at *1 (N.D. Cal. Apr. 6, 1994) ("The court believes the transferee court would be better suited to decide the other pending motions; accordingly, this court refrains from ruling on those motions.").

*Third*, MetTel has filed a motion to remand this action to the Delaware Court of Chancery, claiming that the amount in controversy requirement is not satisfied here. The amount in controversy threshold for federal jurisdiction is plainly met here, and MetTel's motion to remand has no merit. *See* D.I. 2, ¶¶ 20-43. Nevertheless, MetTel's motion to remand implicates this Court's subject matter jurisdiction and should be resolved before this Court takes action on case management matters like expedition. *See*, *e.g.*, *Cont'l Warranty, Inc v. Warner*, 2014 WL 2754931, at *1 (D. Del. June 17, 2014) (denying motion to remand prior to ruling on motion to expedite).

Accordingly, this Court should defer consideration of MetTel's motion to expedite until after it resolves Granite's motion to dismiss, Granite's motion to transfer, and MetTel's motion to remand.

### D.  To The Extent MetTel Seeks Expedited Discovery Under Applicable Federal Law, Such Relief Is Also Unwarranted

To the extent that MetTel attempts to rely on certain limited, non-binding authority from this District regarding expedited discovery, *see*, *e.g.*, *Reybold Grp.*

8

*of Cos. v. John Does 1-20*, 323 F.R.D. 205, 208 (D. Del. 2017) (collecting cases),

MetTel cannot do so.  Obtaining such relief "requires the party seeking discovery

to show 'good cause' for its motion, such that the request is 'reasonable' in light of

relevant circumstances." *Id.*, at 208; *accord Kone Corp. v. ThyssenKrupp USA,*

*Inc.*, 2011 WL 4478477, at *4-5 (D. Del. Sept. 26, 2011).  MetTel has not met this

federal standard,[4] so the motion to expedite should be denied.

As discussed above and in Granite's motion to dismiss, MetTel's allegations

do not state any claims.  *See* Section IV.C, *supra*; D.I. 17 at 12-21.  Accordingly,

none of MetTel's claims should proceed to discovery at all, so MetTel cannot

satisfy the "good cause" and "reasonable[ness]" elements of the standard for

expedited discovery in federal court.

Nor is expedited discovery "reasonable" or supported by "good cause" here

on the theory that proceeding in the ordinary course would irreparably harm

MetTel.  As shown in Granite's motion to dismiss, and as the Chancery Court

recognized, any future or ongoing harm to MetTel is purely speculative, and the

---

[4] Notably, the Court of Chancery—applying the Delaware law standard—denied
MetTel's motion to expedite in the First Action.  June 3 Hr'g Tr. at 61:17-21.  The
Court had ample reason to do so, for it concluded that "there's not one factual
allegation that Granite's alleged defamation has actually caused any harm to
MetTel." *Id.* at 67:14-17.  As the Court appropriately noted, "[t]hat kind of
speculative harm is insufficient to carry MetTel's burden at this stage." *Id.* at
67:23-24.  And with only speculative allegations of harm, MetTel cannot meet its
burden to show the sufficient likelihood of irreparable harm and colorable claims
for relief on the merits to warrant expedited proceedings.

injury MetTel alleges—lost profits and damage to its reputation and goodwill—can be fully compensated by an award of damages. *See* June 3 Hr'g Tr. at 68:4-15. Expedition is not proper here on this separate and independent basis as well.

For the same reasons that MetTel has neither alleged plausible claims nor pleaded any harm—let alone irreparable harm—MetTel's allegations similarly do show that expedited discovery here is "reasonable" or based upon "good cause." *See* Section IV.C, *supra*.

## V.    CONCLUSION

For all these reasons, Granite respectfully requests that the Court deny MetTel's motion to expedite.

<table>
<tr><td></td><td>MORRIS, NICHOLS, ARSHT & TUNNELL LLP</td></tr>
<tr><td></td><td><em>/s/ R. Judson Scaggs, Jr.</em></td></tr>
<tr><td>OF COUNSEL:</td><td>R. Judson Scaggs, Jr. (#2676)<br>Barnaby Grzaslewicz (#6037)<br>A. Gage Whirley (#6707)</td></tr>
<tr><td>DONNELLY, CONROY & GELHAAR, LLP<br>T. Christopher Donnelly (admitted <em>pro hac vice</em>)<br>Joshua N. Ruby (admitted <em>pro hac vice</em>)<br>260 Franklin Street, Suite 1600<br>Boston, MA 02110<br>(617) 720-2880</td><td>1201 N. Market Street<br>Wilmington, DE 19801<br>(302) 658-9200<br><br><em>Counsel for Defendant</em><br><em>Granite Telecommunications, LLC</em></td></tr>
</table>

Dated:  July 15, 2020

10

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF).


*/s/ Barnaby Grzaslewicz*
Barnaby Grzaslewicz (#6037)