IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MANHATTAN TELECOMMUNICATIONS CORP. D/B/A METROPOLITAN TELECOMMUNICATIONS, A/K/A METTEL,<br><br>Plaintiff,<br><br>v.<br><br>GRANITE TELECOMMUNICATIONS, LLC,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: C.A. 1:20-cv-00857-CFC<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT'S MOTION FOR COSTS OF PREVIOUSLY DISMISSED ACTION PURSUANT TO FED. R. CIV. P. 41(D)**

Defendant Granite Telecommunications, LLC ("Granite") hereby moves, pursuant to Rule 41(d) of the Federal Rules of Civil Procedure, for an order (1) awarding Granite its costs associated with Plaintiff Manhattan Telecommunications Corp., d/b/a Metropolitan Telecommunications, a/k/a MetTel's ("MetTel") prior action against Granite involving the same claims, which MetTel voluntarily dismissed on June 15, 2020, and (2) staying the proceedings until MetTel has complied. In support of this motion, Granite states as follows:

1. On May 19, 2020, MetTel commenced an action against Granite in the Delaware Chancery Court, seeking injunctive relief (preliminary and

permanent) and damages, *Manhattan Telecommunications Corp. v. Granite Telecommunications, LLC*, C.A. No. 2020-0380-JRS (the "First Action").

2. In the First Action, MetTel purported to state claims for defamation, tortious interference with prospective economic advantage, tortious interference with contract, trade libel, and violations of the Delaware Deceptive Trade Practices Act, 6 *Del. C.* § 2532, based on allegedly false and misleading statements Granite employees made to MetTel customers.

3. MetTel sought a temporary restraining order simultaneously with filing the First Action, which the Court of Chancery (Slights, V.C.) denied after a hearing on June 3, 2020.

4. Granite removed the First Action to this Court on June 9, 2020. *See Manhattan Telecommunications Corp. v. Granite Telecommunications, LLC*, C.A. 1:20-cv-00775-CFC, D.I. 2.

5. MetTel voluntarily dismissed the First Action without explanation on June 15, 2020. *See Manhattan Telecommunications Corp. v. Granite Telecommunications, LLC*, C.A. 1:20-cv-00775-CFC, D.I. 8.

6. That same day, MetTel commenced this action against Granite in the Delaware Chancery Court, again seeking injunctive relief and damages.

7. MetTel's Complaint in this action purports to assert the exact same five causes of action based on the same operative facts as the complaint in the First Action.

8. There are only a few notable differences between the two complaints. First, MetTel no longer seeks any preliminary injunctive relief, but only a permanent injunction. Second, in an effort to defeat federal diversity jurisdiction, MetTel alleged that, "[b]ased on information currently available to MetTel," its damages did not exceed $75,000. Third, MetTel now refers to a third customer whom Granite allegedly contacted.

9. On June 26, 2020, Granite removed this action to this Court. *See* D.I. 2.

10. Rule 41(d) of the Federal Rules of Civil Procedure provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied."

11. The provisions of Rule 41(d) are intended to "deter forum shopping and vexatious litigation." *Garza v. Citigroup Inc.*, 311 F.R.D. 111, 114 (D. Del. 2015) (quotation omitted), *aff'd*, 881 F.3d 277 (3d Cir. 2018); *see also Anders v.*

*FPA Corp.*, 164 F.R.D. 383, 387 (D.N.J. 1995) ("[T]he purpose of Rule 41(d) [is] to protect the defendant from financing duplicitous and vexatious litigation.").

12.  "[N]othing in the language of Rule 41(d) . . . suggests that a defendant must show 'bad faith' before a district court can order payment of costs incurred in a voluntarily dismissed previous action. Instead, the court should simply assess whether a plaintiff's conduct satisfies the requirements of Rule 41(d), and whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant." *Garza*, 311 F.R.D. at 115 (quotation and citations omitted, alteration in original).

13.  Rule 41(d) has three requirements: (1) the plaintiff's previous action was dismissed; (2) the plaintiff commenced a second action that is based upon or includes the same claim against the same defendant; and (3) the defendant suffered prejudice in the form of "needless expenditures," *i.e.*, costs incurred in the prior action that will not be useful in the newly-filed litigation. *See, e.g., Garza*, 311 F.R.D. at 115-16; *Siepel v. Bank of Am., N.A.*, 239 F.R.D. 558, 563 (E.D. Mo. 2006); *Esquivel v. Arau*, 913 F. Supp. 1382, 1388 (C.D. Cal. 1996). Each of these requirements is met here.

14.  As to the first and second requirements, MetTel's current action is based on the same claims as its dismissed prior action. MetTel purports to assert the same five causes of action, based on the same alleged underlying conduct, and

4

again seeks injunctive relief and damages. The handful of new allegations in the Complaint in this action and the fact that MetTel is no longer seeking preliminary injunctive relief are immaterial and do not render Rule 41(d) inapplicable. *See Garza*, 311 F.R.D. at 115 (awarding costs where the factual allegations in the second action were not "materially different" and the plaintiff sought "nearly identical" relief).

15. As to the third requirement, MetTel's conduct has forced Granite to incur needless expenditures, including, among other things, the costs of (1) *pro hac vice* admission of its lead counsel in both the Court of Chancery and in this Court, (2) obtaining the transcript of the hearing on MetTel's motion for a temporary restraining order, and (3) removing the case to this Court.[1] None of these expenses will be useful in defending MetTel's newly-filed action.

16. Furthermore, awarding Granite its costs pursuant to Rule 41(d) will serve the important goals of deterring vexatious litigation and forum-shopping.

17. MetTel commenced the First Action and immediately sought a temporary restraining order and expedited proceedings. On June 3, the Court of

---

[1] Should the Court grant this motion, Granite will submit a bill of costs with appropriate verification pursuant to 28 U.S.C. § 1924 within 14 days. *See Garza v. Citigroup Inc.*, No. 1:15-cv-00537-SLR, D.I. 20 & D.I. 21 (D. Del. Nov. 20, 2015) (bill of costs and verification). Granite is not seeking attorneys' fees. *See Garza v. Citigroup Inc.*, 881 F.3d 277, 282-83 (3d Cir. 2018)

Chancery denied both requests from the bench because MetTel sought an unprecedented prior restraint on Granite's commercial speech and because MetTel had not alleged any harm, let alone irreparable harm.

18. After dismissing the First Action and re-filing this action in the Court of Chancery, MetTel chose to forgo any request for preliminary injunctive relief. MetTel therefore concedes, in substance, that its request for a temporary restraining order in the First Action was impermissible and vexatious.

19. As for forum-shopping, MetTel's conduct was simply an improper attempt to avoid this Court's jurisdiction. After Granite removed the First Action to this Court, MetTel did not seek remand or even try to argue that the amount in controversy was insufficient to support diversity jurisdiction. Instead, MetTel dismissed the First Action in favor of a new complaint in the Court of Chancery and added a few new allegations purporting to limit the amount in controversy. *See* Compl. ¶ 37. As discussed in Granite's notice of removal in this action, these new allegations did no such thing, and this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. *See generally* D.I. 2.

20. For all of these reasons, the Court should award Granite its costs of the dismissed First Action.

21. Rule 41(d) also permits courts to stay proceedings until a party has complied with an order to pay costs, and such requests are routinely granted. *See,*

6

*e.g.*, *Garza*, 311 F.R.D. at 117; *Quality Data Sys., Inc. v. Fin. Bus. Equip. Solutions, Inc.*, 2009 WL 1393352, at *2 (S.D. Fla. May 18, 2009); *Cadle Co. v. Beury*, 242 F.R.D. 695, 700 (S.D. Ga. 2007); *Katen v. Katen*, 1998 WL 721092, at *3 (E.D.N.C. Mar. 4, 1998).

22. Such a stay should be granted "unless there are special facts and circumstances presented which show that it would be unjust and inequitable to apply it." *World Athletic Sports Corp. v. Pahlavi*, 267 F. Supp. 160, 164 (S.D.N.Y. 1966).

23. No such facts or circumstances are present here. Granite's costs are reasonable, and MetTel has not demonstrated any inability to pay. *See Banga v. First USA, N.A.*, 2010 WL 6184482, at *5 (N.D. Cal. Dec. 8, 2010) ("Courts have recognized the ability to deny Rule 41(d) costs based on an inability to pay them."); *see also Esquivel*, 913 F. Supp. at 1391 n.14.

WHEREFORE, Granite respectfully requests that the Court (1) grant Granite's motion for costs; (2) award Granite its costs of the First Action in an amount to be determined based on a bill of costs with appropriate verification pursuant to 28 U.S.C. § 1924, to be filed within 14 days of the date the Court acts on this motion; and (3) stay this action until MetTel pays the award of costs.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| OF COUNSEL:<br><br>T. Christopher Donnelly<br>(admitted *pro hac vice* )<br>Joshua N. Ruby (admitted *pro hac vice*)<br>DONNELLY, CONROY & GELHAAR, LLP<br>260 Franklin Street, Suite 1600<br>Boston, MA  02110<br>(617) 720-2880 | /s/ *R. Judson Scaggs Jr.*<br>R. Judson Scaggs Jr. (#2676)<br>Barnaby Grzaslewicz (#6037)<br>A. Gage Whirley (#6707)<br>1201 N. Market Street<br>Wilmington, DE  19801<br>(302) 658-9200<br>  *Counsel for Defendant*<br>  *Granite Telecommunications, LLC* |

July 17, 2020

8

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 17, 2020.

                                            */s/ Barnaby Grzaslewicz*
                                            Barnaby Grzaslewicz (#6037)