# IN THE UNITED SATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MANHATTAN TELECOMMUNICATIONS CORP., D/B/A METROPOLITAN TELECOMMUNICATIONS, A/K/A METTEL,<br><br>   Plaintiff,<br><br>   v.<br><br>GRANITE TELECOMMUNICATIONS, LLC,<br><br>   Defendant. | C.A. No. 20-00857-CFC |

## **PLAINTIFF'S MOTION TO STAY**

Plaintiff Manhattan Telecommunications Corp., d/b/a Metropolitan Telecommunications, a/k/a MetTel ("MetTel"), by and through its counsel, moves for entry of an order staying certain motions filed by Defendant Granite Telecommunications, LLC ("Granite") in order to first resolve the pending Motion to Remand filed by MetTel. In support of this Motion, MetTel states as follows:

### Procedural History

1. On June 15, 2020, MetTel filed an action in the Court of Chancery against Granite. In its Complaint, MetTel alleged that Granite was spreading false and defamatory statements about MetTel and was engaged in an effort to tortiously interfere with MetTel's relationships with its current and potential customers.

2. The allegations in MetTel's Complaint were substantially similar to allegations previously asserted against Granite. *See Manhattan Telecommunications Corp. v. Granite Telecommunications, LLC*, C.A. No. 2020-0380-JRS (Del. Ch. May 19, 2020) (the "First Chancery Action"). In the First Chancery Action, MetTel sought immediate injunctive relief. The court ultimately denied MetTel's Motion for a Temporary Restraining Order and attendant Motion to Expedite. In so doing, however, the Court of Chancery noted that the dispute should nonetheless be resolved in an expeditious manner. The Court of Chancery scheduled a trial for October 2020.

3. After the Court's ruling, Granite removed the First Chancery Action to federal court on the basis of diversity. *See Manhattan Telecommunications Corp. v. Granite Telecommunications, LLC*, C.A. 20-775-CFC (D. Del.) MetTel voluntarily dismissed the district court case and filed a new Complaint in the Court of Chancery. MetTel's new Complaint makes clear that MetTel's monetary damages do not exceed $75,000, and that the primary relief sought is an injunction to stop Granite from continuing to spread false and defamatory statements about MetTel in an effort to tortiously interfere with MetTel's business operations. MetTel filed a Motion to Expedite, seeking the same October trial dates as had previously been reserved for the First Chancery Action.

4. On June 26, 2020, Granite removed the second Chancery Court case to this Court. D.I. 2. On July 10, 2020, MetTel filed a Motion to Remand. D.I. 12.

5. While MetTel's Motion to Remand was pending, Granite filed a slew of other, substantive motions that attack the merits of MetTel's allegations. On July 15, 2020, Granite filed a Motion to Dismiss. D.I. 16–18. On July 15, 2020, Granite filed a Motion to Transfer. D.I. 19–21. On Jul 17, 2020, Granite filed a Motion for Costs. D.I. 24–25. Together, the Motion to Dismiss, Motion to Transfer, and Motion for Costs are referred to as "Granite's Motions."

6. Granites' Motions should be stayed in favor of first resolving the Motion to Remand.

**Argument**

7. The Court has inherent authority to manage its own docket and broad discretion to stay proceedings. *See Cost Bros., Inc. v. Travelers Indent. Co.*, 760 F.2d 58, 60 (3d Cir. 1985). *See also Landis v. N. Am. Co.*, 299 U.S. 248, 254, (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (district courts possess "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants.").

8.  This Court has typically considered three factors when deciding a motion to stay: (1) whether granting the stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay, or allow the movant to gain a clear tactical advantage. *See Softview LLC v. Apple Inc.*, 2012 WL 3061027, at *2 (D. Del. July 26, 2012); *Cooper Notification, Inc. v. Twitter, Inc.*, 2010 WL 5149351, at *1 (D. Del. Dec. 13, 2010). Each of these factors weighs in favor of staying Granite's Motions in order to first decide the jurisdictional issues raised by MetTel's Motion to Remand.

9.  First, staying Granite's Motion will drastically simplify the issues before this Court—and may, in fact, render many of those issues moot. The Motion to Remand necessarily raises the question of whether this Court possess jurisdiction to hear the case. Whether this Court has subject matter jurisdiction is a threshold question. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'") (quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884)). "If a court lacks subject matter jurisdiction, it is generally barred from taking any action which would

go to the merits of the case." *Shortt v. Richlands Mall Assocs., Inc.*, 922 F.2d 836 (4th Cir. 1990).

10. This Court must first resolve the jurisdictional issues raised by the Motion to Remand before addressing the substantive issues raised by Granite's Motions.

11. As explained in its Motion to Remand, MetTel explicitly limited the damages it seeks to an amount under the jurisdictional threshold of $75,000 in order to remain in the Court of Chancery. "'[A]s master of the case, the plaintiff may limit his claims (either substantive or financial) to keep the amount in controversy below the threshold.'" *Morgan v. Gay,* 471 F.3d 469, 474 (3d Cir. 2006) (quoting *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)). *See also* 14A, C. Wright & A. Miller, Federal Practice and Procedure, § 3702 (3d ) 1998) at 46 ("Under well-settled principles, the plaintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy."). Moreover, "removal statutes are to be strictly construed against removal, and all doubts should be resolved in favor of remand." *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir.1987).

12. Second, the parties have not yet begun—let alone completed—discovery. As explained above and in the Motion to Remand, the case is still in its preliminary stages and this Court must first decide whether it has jurisdiction to

proceed. And, to the extent any discovery should proceed in this case, it should proceed only with respect to the jurisdictional issues raised in the Motion to Remand. Should this Court conclude that questions remain as to whether the amount in controversy exceeds the jurisdictional threshold, jurisdictional discovery should be ordered to resolve such questions. *See Polanco v. Amgard Ins. Co.*, 2018 WL 6380707 (D. Del., Dec. 6, 2018), at *4 (nothing that "post-removal discovery is allowed to determine whether § 1332(a)'s jurisdictional amount is satisfied: 'Discovery may be taken with regard to th[e] question' of the amount in controversy.") (internal quotation omitted).

13. Third, Granite would suffer no prejudice if its Motions were stayed. Should this Court grant the stay, it will allow the parties to first address the issues raised by the Motion to Remand. If the Court remands the case back to the Court of Chancery, Granite's Motion to Transfer will be moot, and the arguments it makes in support of a motion to dismiss can be re-asserted before the Vice Chancellor. Granite suffers no prejudice in its capacity to raise substantive arguments against MetTel's causes of action.

## Conclusion

14. For the foregoing reasons, this Court should stay Granite's Motions and resolve the pending Motion to Remand first.

| | |
|---|---|
| Dated: July 22, 2020 | **K&L GATES LLP** |
| | */s/ Steven L. Caponi* |
| | Steven L. Caponi (No. 3484) |
| | Matthew B. Goeller (No. 6283) |
| | 600 N. King St., Suite 901 |
| | Wilmington, DE 19801 |
| | Tel: (302) 416-7000 |
| | steven.caponi@klgates.com |
| | matthew.goeller@klgates.com |
| | |
| | *Attorneys for Plaintiff* |