# K&L GATES

July 22, 2020

**VIA ECF**

Hon. Colm F. Connolly
J. Caleb Boggs Federal Building
844 N. King Street
Unit 31
Room 4124
Wilmington, DE 19801-3555

Steven L. Caponi, Esq.
steven.caponi@klgates.com

T 302-416-7080

**Re:** *Manhattan Telecommunications Corp. v. Granite Telecommunications, LLC*; C.A. 1:20-cv-00857-CFC

Dear Judge Connolly,

We represent Plaintiff Manhattan Telecommunications Corp., d/b/a Metropolitan Telecommunications, a/k/a MetTel ("MetTel") in this matter.

I write in connection with the MetTel's Motion to Stay that was filed on July 22, 2020 ("Motion to Stay") and Defendant Granite Telecommunications, LLC's ("Granite") Opposition to MetTel's Motion to Expedite.  *See* D.I. 30.

At the direction of the state court, MetTel filed a Motion to Expedite in the Delaware Court of Chancery for the sole purpose of securing the previously scheduled October 2020 trial date.  MetTel filed its Motion to Expedite *before* Granite removed this action to this Court on June 26, 2020.  MetTel subsequently filed a Motion to Remand on July 10, 2020 explaining why this Court lacks jurisdiction.  D.I. 12, 13.  The Motion to Remand is pending before this Court.

MetTel has not reasserted the Motion to Expedite in this Court and believes the Motion to Expedite is no longer operative.  Accordingly, MetTel does not believe a reply is warranted or that the Motion to Expedite requires the attention of the Court.  MetTel does respectfully reserve the right to seek expedition after the Motion to Remand is decided.

As noted in the Motion to Stay, MetTel believes that all pending motions, including briefing on the motions, should be stayed until after resolution of the threshold jurisdictional issue raised by the Motion to Remand.  To the extent the Motion to Expedite could be considered operative, the Motion to Expedite should likewise be covered by the proposed stay.

Respectfully submitted,

*/s/ Steven L. Caponi*

Steven L. Caponi


cc:     All counsel (via electronic filing)