IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MANHATTAN TELECOMMUNICATIONS CORP. D/B/A METROPOLITAN TELECOMMUNICATIONS, A/K/A METTEL<br><br>Plaintiff,<br><br>v.<br><br>GRANITE TELECOMMUNICATIONS, LLC,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>: C.A. 1:20-cv-00857-CFC<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY

OF COUNSEL:

DONNELLY, CONROY & GELHAAR, LLP
T. Christopher Donnelly (admitted *pro hac vice*)
Joshua N. Ruby (admitted *pro hac vice*)
260 Franklin Street, Suite 1600
Boston, MA 02110
(617) 720-2880

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
R. Judson Scaggs, Jr. (#2676)
Barnaby Grzaslewicz (#6037)
A. Gage Whirley (#6707)
1201 N. Market Street
Wilmington, DE 19801
(302) 658-9200

*Counsel for Defendant Granite Telecommunications, LLC*

1. Plaintiff Manhattan Telecommunications Corp., d/b/a Metropolitan Telecommunications, a/k/a MetTel ("MetTel") has filed a motion to stay (D.I. 30), seeking to delay briefing on three motions filed by Defendant Granite Telecommunications, LLC ("Granite"): (1) Granite's motion to dismiss (D.I. 16), (2) Granite's motion to transfer (D.I. 19), and Granite's motion for costs (D.I. 24).

2. Granite respectfully submits that MetTel's motion (D.I. 30) should be denied and that briefing on Granite's motions should proceed in the ordinary course.

3. Whether to stay an action—in whole or in part—is firmly committed to this Court's discretion. *See, e.g., Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

4. This Court has identified the factors relevant to considering a discretionary request for a stay as: "(1) whether a stay will simplify the issues and trial of the case, (2) whether discovery is complete and a trial date has been set, and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *MarkDutchCo 1 B.V. v. Zeta Interactive Corp.*, 2019 WL 5964599, at *2 (D. Del. Nov. 13, 2019).

5. Here, MetTel's request for a stay should be denied because it is all about obtaining tactical advantage for MetTel while doing nothing to simplify the issues before the Court.

6. This case is the parties' second trip to this Court. MetTel previously filed an action against Granite in the Delaware Court of Chancery on May 19, 2020, seeking injunctive relief and damages (the "First Action").

7. After Granite removed the First Action to this Court, MetTel did not move to remand or otherwise assert that this Court lacked jurisdiction over the First Action.

8. Instead, MetTel voluntarily dismissed the First Action on June 15, 2020.

9. The same day, MetTel filed this action in the Delaware Court of Chancery on June 15. According to MetTel, "MetTel's new Complaint makes clear that MetTel's monetary damages do not exceed $75,000, and that the primary relief sought is an injunction[.]" *See* D.I. 30, ¶ 3.

10. As Granite explained in its notice of removal, D.I. 2, ¶¶ 41-43, and as Granite explains again in its contemporaneously filed opposition to MetTel's motion to remand, D.I. 33 at 9-17, MetTel's damages allegations put at least $75,000 in controversy. Accordingly, the total amount in controversy in this action is over the jurisdictional threshold if MetTel's requested injunction has any value at all to MetTel.

11. The injunction is the "primary relief" MetTel seeks in this case, D.I. 30, ¶ 3, so the requested injunction obviously has considerable value to MetTel,

*see* D.I. 2, ¶¶ 27-43; D.I. 33 at 9-15. The jurisdictional threshold is therefore satisfied, and federal jurisdiction is proper.

12. As Granite also explained in its notice of removal and in its opposition to MetTel's motion to remand, MetTel's damages allegations and its requested injunction each separately put far more than $75,000 in controversy. D.I. 2, ¶¶ 20-40; D.I. 33 at 12-17.

13. MetTel nonetheless moved to remand on July 10, 2015. D.I. 12.

14. MetTel has come forward with no evidence about the value of its requested injunction and makes no argument that its requested injunction is worth nothing. *See generally* D.I. 13.

15. Instead, MetTel argues that remand is required because *Granite* previously argued—and the Court of Chancery Court agreed—that MetTel has not plausibly alleged that it suffered any harm. D.I. 13 at 6-8.

16. As discussed in Granite's opposition to the motion to remand, MetTel's position is baseless. *See* D.I. 33 at 17-19. Although Granite maintains that MetTel has not alleged that it has actually suffered any harm resulting from Granite's alleged conduct and has therefore failed to plead the material elements of causation and damages, *see* D.I. 17 at 16-20, the relevant jurisdictional inquiry concerns the value of MetTel's requested injunction from *MetTel's* perspective, *see In re Corestates Tr. Fee Litig.*, 39 F.3d 61, 65 (3d Cir. 1994) ("[I]t is the value *to*

3

*plaintiff* to conduct his business or personal affairs free from the activity sought to be enjoined that is the yardstick for measuring the amount in controversy.") (internal quotations omitted) (emphasis added). Furthermore, regardless of whether MetTel's claims should be dismissed for inadequate pleading—and they should be—"[t]he court should not consider in its jurisdictional inquiry the legal sufficiency of [the plaintiff's] claims or whether the legal theory advanced by the plaintiffs is probably unsound. . . ." *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997).

17. Not only is MetTel's argument in support of remand baseless, but in order to oppose Granite's meritorious motion to dismiss, MetTel would have to take the opposite position and argue that it *has* plausibly alleged harm sufficient to plead the material elements of its claims.[1]

---

[1] MetTel has already taken this position by pleading, *inter alia*, that "[t]he irreparable harm to MetTel's reputation and business will continue" without an injunction. *See* Compl., ¶ 35. And MetTel repeatedly asserted in the First Action that irreparable harm was ongoing and that a temporary restraining order was warranted. *See Manhattan Telecommunications Corp. v. Granite Telecommunications, LLC*, C.A. No. 2020-0380-JRS, June 3, 2020 Hearing Tr. at 22:21-23 ("We believe we have demonstrated even at this stage that the irreparable harm has happened."); *id.* at 58:14-16 ("And the irreparable harm is not imminent, it's already started and it continues."); *Manhattan Telecommunications Corp. v. Granite Telecommunications, LLC*, C.A. No. 1:20-cv-775-CFC, D.I. 2-1 at 145 (D. Del. June 9, 2020) ("Thus, the irreparable harm to MetTel's reputation and business will continue, most likely increasing substantially, if Granite is not brought to task and ordered to terminate its campaign immediately.").

18. Because taking that inconsistent position in its opposition to Granite's motion to dismiss would be fatal to MetTel's motion to remand, MetTel has filed this motion to stay briefing on the motion to dismiss.

19. MetTel's motion to stay therefore amounts to an attempt to gain a tactical advantage by avoiding the filing of a pleading where it would have to take a position inconsistent with the one it takes in its motion to remand.

20. Moreover, only *after* Granite had already incurred the time and expense of briefing its proper, well-supported, and timely motion to dismiss, motion to transfer, and motion for costs did MetTel file its motion to stay seeking to be relieved of its obligation to expend similar time and effort opposing those motions.

21. Granting MetTel's motion to stay would therefore prejudice Granite by asking the Court to relieve MetTel of its obligation to incur the time and expense of opposing Granite's timely and proper motions.

22. Because MetTel's requested stay "would unduly prejudice or present a clear tactical disadvantage to the non-moving party," it should be denied. *See MarkDutchCo 1 B.V.*, 2019 WL 5964599, at *2.

23. Finally, a stay here will not "simplify the issues and trial of the case." *See id.*

24. As Granite explained in its notice of removal, D.I. 2, ¶¶ 41-43, and as Granite explains again in its contemporaneously filed opposition to MetTel's motion to remand, D.I. 33 at 9-12, the amount in controversy required for federal jurisdiction is easily satisfied here by the combined value of MetTel's damages allegations and MetTel's requested injunction.

25. And, again, *either* the value of the injunction *or* MetTel's damages allegations would, standing alone, satisfy the amount in controversy requirement here. *See* D.I. 2, ¶¶ 20-40; D.I. 33 at 12-17.

26. As discussed above, MetTel has offered no arguments to the contrary other than to point to Granite's argument—which the Court of Chancery agreed with—that MetTel had not alleged that anything Granite did caused any harm to MetTel. But that argument has nothing to do with whether the amount in controversy is satisfied. *See Suber*, 104 F.3d at 583 ("The court should not consider in its jurisdictional inquiry the legal sufficiency of [the plaintiff's] claims or whether the legal theory advanced by the plaintiffs is probably unsound. . . ."); *In re Corestates Tr. Fee Litig.*, 39 F.3d at 65 ("[I]t is the value *to plaintiff* to conduct his business or personal affairs free from the activity sought to be enjoined that is the yardstick for measuring the amount in controversy.") (internal quotations omitted).

27. It follows that MetTel's motion to remand is meritless, and its pendency should not relieve MetTel of its obligation to brief Granite's timely and well-supported motions.

28. Because MetTel's request for a stay would result in an unfair tactical advantage for MetTel while doing nothing to simplify the issues before the Court, it should be denied.  *See MarkDutchCo 1 B.V.*, 2019 WL 5964599, at *2.

For all these reasons, Granite respectfully requests that the Court deny MetTel's motion to stay.

                                MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                */s/ R. Judson Scaggs, Jr.*
                                R. Judson Scaggs (#2676)
                                Barnaby Grzaslewicz (#6037)
                                A. Gage Whirley (#6707)
OF COUNSEL:                    1201 N. Market Street
                                Wilmington, DE 19801
DONNELLY, CONROY &          (302) 658-9200
GELHAAR, LLP                   *Attorneys for Granite*
T. Christopher Donnelly         *Telecommunications, LLC*
(admitted *pro hac vice*)
Joshua N. Ruby (admitted *pro hac vice*)
260 Franklin Street, Suite 1600
Boston, MA 02110
(617) 720-2880

July 24, 2020

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 24, 2020.

                                            */s/ Barnaby Grzaslewicz*
                                            Barnaby Grzaslewicz (#6037)