**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

MANHATTAN TELECOMMUNICATIONS
CORP., D/B/A METROPOLITAN
TELECOMMUNICATIONS, A/K/A
METTEL,

      Plaintiff,

      v.

GRANITE TELECOMMUNICATIONS, LLC,

      Defendant.

C.A. No. 20-857-CFC

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STAY

Plaintiff Manhattan Telecommunications Corp., d/b/a Metropolitan Telecommunications, a/k/a MetTel ("MetTel"), by and through its counsel, has moved for entry of an order staying certain motions filed by Defendant Granite Telecommunications, LLC ("Granite") in order to resolve first the pending Motion to Remand filed by MetTel. In further support of this Motion, MetTel states as follows:

1.      Giving new meaning to "the pot calling the kettle black," Granite's only argument in opposition to the Motion to Stay is to suggest MetTel is seeking an improper strategic advantage. This from the party that twice removed this matter from state court in order to avoid a Vice Chancellor who found Granite's conduct to

be abhorrent and ordered an October 2020 trial date.  This from the party that seeks

to obtain a premature ruling on a Motion to Dismiss in order to avoid jurisdictional

discovery that would unearth the breadth of their improper defamation campaign

against MetTel.  And this from the party that filed three motions in the face of a

pending motion to determine whether this Court has jurisdiction to decide any issues

in the case, and then refused to consent to stay the briefing on those motions until

after the Motion to Remand is decided.

2.      MetTel correctly believes this Court should first resolve the threshold

issue of whether the case was properly removed and whether this Court has

jurisdiction to even consider Granite's motions.  There is no reason for the parties or

the Court to expend resources briefing and considering motions this Court lacks

jurisdiction to consider—motions that eventually will need to be re-filed and re-

briefed in state court in a manner that conforms to state court requirements.

Granite's proposed course of action ignores the operative realities and is patently

illogical and inefficient.

3.      Unable to undermine the logic of the Motion to Stay, Granite's

opposition focuses almost exclusively on arguing the merits of the Motion to

Remand.  This argument choice by Granite only serves to highlight the threshold

nature of the Motion to Remand and counsels in favor of granting the Motion to

Stay.  MetTel believes its briefs in support of the Motion to Remand forcefully

demonstrate why a complaint that explicitly limits damages to less than $75,000 cannot be removed to federal court based on diversity jurisdiction.  MetTel will not reargue the Motion to Remand within the context of the Motion to Stay, and respectfully refers the Court to MetTel's other filings.

4.      Focusing on the merits of *this* motion, Granite's opposition completely ignores the irrefutable fact that the Motion to Remand necessarily raises the question of whether this Court possess jurisdiction to hear the case.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'") (quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382 (1884)).

5.      Granite likewise ignores the bedrock principle that "[i]f a court lacks subject matter jurisdiction, it is generally barred from taking any action which would go to the merits of the case."  *Shortt v. Richlands Mall Assocs., Inc.*, 922 F.2d 836 (4th Cir. 1990).

6.      The one area of agreement between the parties is the notion that this Court has broad discretion to grant or deny the Motion to Stay.  MetTel respectfully submits this discretion should be exercised in favor of staying consideration of Granite's three pending motions in order for the Court and parties to focus on the threshold jurisdictional issues raised by the Motion to Remand.  Granite's opposition

is a transparent effort to seek a tactical advantage and avoid jurisdictional discovery

(if such is necessary).

## Conclusion

7.     For the foregoing reasons, this Court should stay Granite's Motions and

resolve the pending Motion to Remand first.


Dated:  July 31, 2020                        **K&L GATES LLP**

                                             */s/ Steven L. Caponi*
                                             Steven L. Caponi (No. 3484)
                                             Matthew B. Goeller (No. 6283)
                                             600 N. King St., Suite 901
                                             Wilmington, DE 19801
                                             Tel: (302) 416-7000
                                             steven.caponi@klgates.com
                                             matthew.goeller@klgates.com

                                             *Attorneys for Plaintiff*