# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MANHATTAN TELECOMMUNICATIONS CORP., D/B/A METROPOLITAN TELECOMMUNICATIONS, A/K/A METTEL,<br><br>    Plaintiff,<br><br>    v.<br><br>GRANITE TELECOMMUNICATIONS, LLC,<br><br>    Defendant. | C.A. No. 20-857-CFC |

## **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR COSTS**

Plaintiff Manhattan Telecommunications Corp., d/b/a Metropolitan Telecommunications, a/k/a MetTel ("MetTel"), in opposition to the Motion of Defendant Granite Telecommunications, LLC ("Granite") for costs pursuant to Fed. R. Civ. P. 41(d), states as follows:

1. A decision on Granite's Motion for Costs must wait until MetTel's Motion to Remand is decided. The latter Motion necessarily raises the question of whether this Court possess subject matter jurisdiction over this dispute. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).

2. If this case is remanded to the Court of Chancery, as MetTel believes is appropriate, this Court cannot award Granite costs for the previously dismissed

action. This issue was recently decided as a matter of first impression by the Eleventh Circuit in *Sargeant v. Hall*, 951 F.3d 1280 (11th Cir. 2020).

3. In *Sargeant,* the plaintiff filed an action in federal court in Florida, which he subsequently dismissed voluntarily and without prejudice. *Id.* at 1281–82. Shortly thereafter, the plaintiff filed a new action in Florida state court against the same defendant based on the same alleged wrongful conduct. *Id.* at 1282. The defendant then moved for costs in connection with the closed federal court action. *Id.* The motion was denied, and the defendant appealed. *Id.* The Eleventh Circuit described the sole issue before it as "whether Rule 41(d) applies when a plaintiff refiles a previously dismissed federal action in state court." *Id.*

4. The court noted "that there is little case law directly addressing whether Rule 41(d) costs may be awarded if the second action is filed in state court. It does not appear that any other circuit has tackled this question, and the handful of district courts that have reviewed the issue have reached different conclusions." *Id.* at 1285 (external citations omitted).

5. After a thorough analysis of the text and purpose behind the Rule, the panel found: "The Federal Rules of Civil Procedure are designed to regulate conduct in federal court, *see* Fed. R. Civ. P. 1, so when the second action is filed in state court, it should be state law which determines whether and to what extent costs and/or fees should be assessed against the plaintiff." *Id.* at 1287. Therefore, "the

better reading of Rule 41(d) is that the motion for costs must be submitted in the second action, *which must have been filed in federal court.*" *Id.* at 1283 (emphasis added).

6.  Of particular importance to the current procedural posture of the case before this Court, the panel specifically declined to address "whether Rule 41(d) applies where the second action is filed in state court and then *successfully* removed to federal court[.]" *Id.* at 1283 n.2 (emphasis added). The clear implication of this reservation, and consistent with the court's holding that a federal court cannot award costs when the second action is filed in state court, is that a federal court likewise cannot award costs when the second action is filed in state court and an *unsuccessful* removal attempt is made—that is, where the court determines that the original filing in state court was proper.

7.  This Court, therefore cannot rule on Granite's Motion for Costs until it decides the Motion to Remand. If that Motion is granted, any requests for costs must be decided by the Court of Chancery based on Delaware state law, not Rule 41(d).

8.  Should the Court deny the Motion to Remand and rule on the merits of the Motion for Costs, it should exercise its discretion and deny Granite's request. *See* Fed. R. Civ. P. 41(d) ("[T]he court: (1) *may* order the plaintiff to pay all or part of the costs of that previous action; and (2) *may* stay the proceedings until the plaintiff has complied.") (emphasis added). MetTel's purpose in filing the

Complaint in the first action in the Court of Chancery, then voluntarily dismissing it after removal in order to file this action in the Court of Chancery (after revising the allegations and remedies sought so as to remain in that court), was solely to achieve a prompt and fair resolution of this dispute. This is neither "forum shopping" nor "vexatious litigation," contrary to Granite's allegations. (*See* Granite Mot. for Costs ¶¶ 16-19).

9.     However, should the Court disagree and grant Granite's Motion, it should exercise its discretion and deny Granite's request to stay the action until MetTel pays any costs awarded. *See* Fed. R. Civ. P. 41(d). "Rule 41(d) is intended to confer broad discretion upon federal courts. . . . The rule is permissive in nature and does not require the issuance of an automatic stay." *Simeone v. First Bank Nat. Ass'n,* 125 F.R.D. 150, 153 (D. Minn. 1989) (citing *United Transportation Union v. Maine Central Railroad Co.*, 107 F.R.D. 391, 392 (D. Me. 1985)). "The purpose of the rule is to prevent vexatious suits and to secure the payment of costs." *Id.* (citing *Phoenix Canada Oil Co. v. Texaco, Inc.*, 78 F.R.D. 445, 448 (D. Del. 1978). A plaintiff's burden to show that the subsequent lawsuit was not vexatious is "minimal," *Phoenix Canada Oil*, 78 F.R.D. at 449 n.13, and courts in this District are reluctant to stay a second action brought in good faith. *Id.* at 448.

10.     Much like MetTel in this action, the plaintiff in *Phoenix Canada Oil* argued that it was not engaging in "vexatious" litigation because it dismissed its first

suit and filed a second action to revise its claims so as to "reach the merits more quickly and in order to avoid side issues concerning jurisdiction, venue, and plaintiff's standing under the antitrust laws." *Id.* at 447 (internal quotations omitted).

11. The *Phoenix Canada Oil* court focused on four factors in determining whether the circumstances merited a stay until costs were paid: "(1) costs had been assessed by the judge in the prior action; (2) the parties to both actions were the same; (3) no showing of financial inability was made; (4) the likelihood of plaintiff's success in the second suit was small." *Id.* at 448. Here, only two of these factors *might* suggest a stay is appropriate: MetTel is financially able to pay costs, and the parties in both actions are the same. Counterbalancing these factors are that no costs were assessed against MetTel in the prior action, and the likelihood of MetTel's success in this action are substantial.

12. On balance, and because MetTel is not engaging in "vexatious" litigation, this Court should exercise its discretion and decline to stay this case until costs are paid.

13. Granite has offered no rationales for ordering a stay other than that there is no evidence that MetTel cannot pay whatever costs are awarded, and that requests for stay "are routinely granted." (Granite Mot. for Costs ¶ 21). In support of this assertion, Granite cites to a handful of district court cases (all but one unpublished) in which stays were ordered. *Id.* In none of those cases did the courts explain their

5

rationales for ordering a stay. In contrast, the *Phoenix Canada Oil* court addressed the issue directly and undertook a reasoned analysis of whether a stay should be ordered. Using that same analysis, a stay would be inappropriate here.

14. MetTel requests that the Court consider one additional factor in deciding whether a stay should be ordered. In direct contrast to MetTel's goal of a obtaining a prompt and fair resolution of this dispute, Granite's goal in removing both actions and filing every available motion has been to *prevent* MetTel from obtaining discovery of the scope of Granite's campaign and *avoid* a prompt and fair adjudication of the merits of this dispute. Ordering a stay of this action would simply further Granite's goal and reward its sharp practices.

## Conclusion

15. For the foregoing reasons, this Court should refrain from ruling on Granite's Motion for Costs until after the Motion for Remand has been decided. If the Motion for Remand is denied, this Court should deny Granite's Motion for Costs and deny its request to stay this action pending MetTel's payment of any costs awarded.

Dated: July 31, 2020                                **K&L GATES LLP**

*/s/ Steven L. Caponi*
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
600 N. King St., Suite 901
Wilmington, DE 19801
Tel: (302) 416-7000

steven.caponi@klgates.com
matthew.goeller@klgates.com

*Attorneys for Plaintiff*