IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MANHATTAN TELECOMMUNICATIONS CORP., <br><br> Plaintiff, <br><br> v. <br><br> GRANITE TELECOMMUNICATIONS, LLC, <br><br> Defendant. | No. 1:20-cv-00857-CFC |

**NON-PARTY PROFESSOR EUGENE VOLOKH'S OPPOSITION TO MANHATTAN TELECOMMUNICATIONS CORP.'S MOTION TO SEAL**

1. Non-Party Professor Eugene Volokh respectfully asks this Court to deny Plaintiff Manhattan Telecommunications' Motion to Seal (the "Motion"). D.I. 37.

**INTRODUCTION**

2. Manhattan Telecommunications Corp. ("MetTel") filed its Motion to Remand as a publicly available document, and left it in the public record for over a week. MetTel now seeks to retroactively seal that motion, but cannot do so given that the information was already public. This Court and other federal courts have consistently held that parties in MetTel's position cannot retroactively seal public records, regardless of the reason why the information was made public initially. This Court should therefore deny MetTel's Motion to Seal.

## BACKGROUND

3.  On May 19, 2020, MetTel filed an action in the Delaware Court of Chancery, asserting claims against Granite Telecommunications, Inc. ("Granite") for, among other things, defamation (the "First Action"). *See Manhattan Telecomm. Corp. v. Granite Telecomm., LLC*, C.A. No. 2020-0380-JRS (Del. Ch.), Dkt. #1. On June 9, Granite removed the First Action to this Court. *See Manhattan Telecomm. Corp. v. Granite Telecomm., LLC*, Case No. 1:20-cv-775-CFC, D.I. 2. On June 15, MetTel voluntarily dismissed its complaint in the First Action.

4.  Also on June 15, 2020, MetTel filed the present action (the "Second Action") in the Court of Chancery, filing the complaint ("the Complaint") and three exhibits under seal. *See Manhattan Telecomm. Corp. v. Granite Telecomm., LLC*, C.A. No. 2020-0468-JRS (Del. Ch.), Dkt. #1. On June 26, 2020, Granite filed a Notice of Removal in the Second Action, attaching as Exhibit 2 to its motion the Complaint and attached exhibits. D.I. 2. Granite also filed a motion for leave to file Exhibit 2 under seal. D.I. 1.

5.  On June 30, 2020, Professor Volokh filed a Motion to Intervene to Unseal Exhibit 2. D.I. 7. MetTel opposed Professor Volokh's unsealing the records at issue (but did not contest Professor Volokh's standing to intervene). D.I. 14. Professor Volokh's motion remains pending.

6. On July 10, 2020, MetTel publicly filed a Motion to Remand and opening brief in support. D.I.s 12, 13. The motion appeared to paraphrase the defamatory material which had been redacted from the publicly available version of MetTel's Complaint. D.I. 13. at 2 (citing Compl. ¶¶ 17, 23-24). On July 20, 2020, the Motion to Remand was "placed under seal per request of filer," and on July 24, 2020, MetTel filed a Motion to Seal the Motion to Remand (the "Motion"), D.I. 37.

## ARGUMENT

7. By publicly filing its Motion to Remand, MetTel placed the defamatory material it seeks to seal "in the public domain, for all the world to see," including Professor Volokh. *In re Application of Storag Etzel GmbH*, 2020 WL 2949742, at *4 (D. Del. Mar. 25, 2020), *report and recommendation adopted in relevant part*, 2020 WL 2915781 (D. Del. June 3, 2020). MetTel asserts that it "inadvertently" filed the motion publicly. Motion ¶ 3. Prof. Volokh takes MetTel at its word, but its intentions make no difference: "Once the cat is out of the bag, the ball game is over." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 n.11 (2d Cir. 2004) (internal quotation marks and citation omitted). Now that the information has appeared in the public record, the Court "simply do[es] not have the power . . . to make what has thus become public private again." *Id.* at 144.

8. For example, just months ago, in *Storag Etzel*, this Court declined to seal information that had already been available on the public docket. *Storag Etzel*,

2020 WL 2949742, at *29.  "After material appears unsealed on a court's docket, and therefore in the public domain, there are little, if any, plausible justifications for subsequently sealing the same material."  *Id.*  Because members of the public, especially those interested in the "competitive information" the plaintiff sought to seal, had already had "unfettered access" to the information, so "[n]o order of a court c[ould] un-ring that bell."  *Id.*; *see also TexasLDPC Inc. v. Broadcom Inc.*, 2019 WL 8105993, at *1 & n.1 (D. Del. Jan. 29, 2019) (concluding that, after a Complaint had been on the public docket from Dec. 12 to Jan. 29, it should not be sealed, because "the cat is out of the bag," "the beans have been spilled; the game has been given away; the lid has been blown off; the veil has been lifted; the horse is out of the barn; the train has left the station; the toothpaste is out of the tube; and . . . the genie is out of the bottle.").

9.  Similarly, in *Gambale*, the Second Circuit affirmed the district court's decision declining to seal information regarding the parties' settlement amount because the information had already been disclosed in a district court order. *Gambale*, 377 F.3d at 144.  And the court so held even though it concluded that the district court committed a "serious abuse of discretion" in revealing the information. *Id.* at 143–44.  Though the information should have been kept confidential, "subsequent to publication it was confidential no longer." *Id.* at 144.  That is, it made no difference that the information was made public through the district court's

error, as once "[t]he genie is out of the bottle" a court does not "have . . . the means to put the genie back." *Id.*[1] Federal courts consistently follow *Gambale*'s reasoning and refuse to seal information that was previously made publicly available.[2]

10. Tellingly, MetTel's Motion cites no authority that supports sealing information after it has already been in the public record. MetTel also fails to offer any new arguments in its Motion, relying instead on the "rationales . . . upon which the sealing of the previous materials were based." Motion ¶ 15. Prof. Volokh has challenged these "rationales" in previous filings—but in any event, they are undermined by MetTel's public filing of the Motion to Remand. For example, in its opposition to Professor Volokh's motion to intervene and unseal the allegedly defamatory statements in the Complaint, MetTel argued that "if [the] defamatory

---

[1] MetTel's Motion to Remand was publicly available for a shorter time than the documents in *Storag Etzel* or *Gambale*. But the principle applies equally to the 10-day window here. Even if this Court were inclined to allow for some immediate correction of filing errors, a delay of over week does not qualify for such latitude. *See Skyhook Wireless, Inc. v. Google, Inc.*, 2015 WL 10022962, at *1 (D. Mass. Mar. 3, 2015) (denying motion to seal where "unredacted versions had been available to the public on PACER for five days").

[2] *See, e.g.*, *Victory Sports & Entm't, LLC v. Pedraza*, 2019 WL 2578767, at *2 (D. Nev. June 24, 2019); *Sallie Mae Servicing LP v. Lee*, 2016 WL 613963, at *4 (D. Ariz. Feb. 16, 2016); *Gunn v. WCA Logistics, LLC*, 2016 WL 7868827, at *1 (D. Colo. Jan. 12, 2016); *Skyhook Wireless*, 2015 WL 10022962, at *1; *Janssen Prods., L.P. v. Lupin Ltd.*, 2014 WL 956086, at *3 (D.N.J. Mar. 12, 2014); *Flohrs v. Eli Lilly & Co.*, 2013 WL 4773515, at *2 (D. Kan. Sept. 4, 2013); *In re Application to Unseal 98 Cr. 1101(ILG)*, 891 F. Supp. 2d 296, 300 (E.D.N.Y. 2012); *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003).

statements are made public, MetTel will effectively be denied the justice it seeks," D.I. 14 at 8. MetTel acknowledged that "the toothpaste cannot be put back in the tube once it has been squeezed out." *Id.* at 7. But here, MetTel squeezed the toothpaste out itself. The toothpaste can no more be returned to the tube than the cat to the bag.

11. Finally, MetTel asserts that the Motion to Remand should be filed under seal because it contains material that has already been filed under seal in this Court and in the Court of Chancery. Motion ¶ 16. But this Court and the Court of Chancery previously granted *unopposed* motions for confidential treatment. Professor Volokh has since moved to unseal the material in each of these instances. Neither court has yet found "good cause" for sealing after considering competing arguments.

## **CONCLUSION**

12. MetTel cannot cure its mistake in publicly filing the Motion to Remand simply by asking that it be retroactively sealed. Professor Volokh thus respectfully requests that the Court deny MetTel's motion.

Respectfully submitted,

ROSS ARONSTAM & MORITZ LLP

*/s/ R. Garrett Rice*
David E. Ross (#5228)
R. Garrett Rice (# 6242)
100 S. West Street, Suite 400
Wilmington, Delaware  19801
(302) 576-1600
dross@ramllp.com
grice@ramllp.com

*Counsel for Non-Party*
*Professor Eugene Volokh*

Dated:  August 5, 2020