IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MANHATTAN TELECOMMUNICATIONS CORP. D/B/A METROPOLITAN TELECOMMUNICATIONS, A/K/A METTEL,<br><br>Plaintiff,<br><br>v.<br><br>GRANITE TELECOMMUNICATIONS, LLC,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:  C.A. 1:20-cv-00857-CFC<br>:<br>:<br>:<br>:<br>: |

### DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR COSTS OF PREVIOUSLY DISMISSED ACTION

Defendant Granite Telecommunications, LLC ("Granite") hereby submits its reply in further support of its motion, pursuant to Rule 41(d) of the Federal Rules of Civil Procedure, for an order (1) awarding Granite its costs associated with Plaintiff Manhattan Telecommunications Corp., d/b/a Metropolitan Telecommunications, a/k/a MetTel's ("MetTel") prior action against Granite involving the same claims, which MetTel voluntarily dismissed on June 15, 2020, and (2) staying the proceedings until MetTel has complied. In further support of its motion, Granite states as follows:

1.  Each of the requirements for an award of costs and a stay are satisfied in this case. MetTel dismissed *Manhattan Telecommunications Corp. v. Granite*

*Telecommunications, LLC*, C.A. 1:20-cv-00775-CFC (the "First Action"), filed a new action against Granite asserting the same claims and based on the same operative facts, and Granite suffered prejudice in the form of "needless expenditures" incurred in defending the First Action.

2. MetTel disputes none of these facts. Instead, MetTel points to a series of collateral issues that do nothing to distinguish this case from the core principle of Rule 41(d): a plaintiff who dismisses and refiles its case should pay its adversary's costs in the dismissed case.

3. First, MetTel contends that this Court cannot award Granite costs pursuant to Rule 41(d) if this case is remanded to state court. As Granite has briefed extensively, federal jurisdiction is proper here, and MetTel's motion to remand is meritless. *See* D.I. 2; D.I. 33; D.I. 55-4. Nothing prevents this Court from exercising its jurisdiction here, and Granite's motion for costs is properly before the Court.[1]

4. In addition, MetTel argues that *Sargeant v. Hall*, 951 F.3d 1280 (11th Cir. 2020) precludes this Court from awarding costs under Rule 41(d). That is impossible, because *Sargeant* is not binding authority.

---

[1] Even if the case is remanded to the Delaware Court of Chancery, Granite would still be entitled to its costs. *See* Del. Ch. Ct. R. 41(d).

5.  Even if *Sargeant* had been decided by the Court of Appeals for the Third Circuit, it would not affect the result here. In *Sargeant*, the defendant was not entitled to costs under Rule 41(d) because the defendant had made a procedurally improper application for costs in the first, *dismissed* case, rather than in the second, refiled case. *See id.* at 1282. Because Granite moved for costs in *this* action—not the First Action—*Sargeant* is inapposite.

6.  Finally, *Sargeant* did not involve a removed case, and the *Sargeant* court expressly declined to extend its holding to removed cases like this one. 951 F.3d at 1283 n.2. Nor would any such extension comport with well-settled law applying federal procedural rules, including Rule 41(d), post-removal. *See Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 437 (1974) ("[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings."); *see also* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."). MetTel's reliance on *Sargeant* is therefore entirely misplaced.

7.  MetTel's only attempt at addressing the propriety of an award of costs here is to assert that it has not engaged in forum shopping or vexatious litigation, so the Court should exercise its discretion and deny Granite's request for costs and

a stay. D.I. 46, ¶¶ 8-12. That assertion is demonstrably not true and, even if true, does not defeat Granite's request.

8. In the first place, "nothing in the language of Rule 41(d) . . . suggests that a defendant must show 'bad faith' before a district court can order payment of costs incurred in a voluntarily dismissed previous action. Instead, the court should simply assess whether a plaintiff's conduct satisfies the requirements of Rule 41(d), and whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant." *Garza v. Citigroup Inc.*, 311 F.R.D. 111, 115 (D. Del. 2015) (quotation and citations omitted, alteration in original).

9. Furthermore, MetTel *admits* that it engaged in forum shopping, explaining that it "revis[ed] the allegations and remedies sought so as to remain in [state] court." D.I. 46, ¶ 8. Regardless of whether MetTel's revised allegations about the amount in controversy were made in good faith, MetTel cannot dispute that it dismissed the First Action and refiled this action because it wanted to litigate this case in a specific, preferred forum.

10. "Moreover, it is generally held that the second action will be deemed vexatious until the inference is removed by some showing on the part of the plaintiff upon whom such burden rests." *World Athletic Sports Corp. v. Pahlavi*, 267 F. Supp. 160, 164 (S.D.N.Y. 1966). MetTel has not made this showing. It asserts that its dismissal and refiling "was solely to achieve a prompt and fair

4

resolution of this dispute," D.I. 46, ¶ 8, but tellingly does not explain why it could not obtain a "prompt" or "fair" resolution of its claims in the First Action in this Court.

11.   MetTel next contends that, even if the Court grants Granite's request for costs, it should exercise its discretion to deny a stay. D.I. 46, ¶ 9. MetTel mischaracterizes the governing law.

12.   A stay is an "enforcement mechanism—it provides a way for the district court to enforce its order awarding costs of the previously dismissed action." *Sargeant*, 951 F.3d at 1285. MetTel represents that it has the financial ability to pay, so nothing prevents MetTel from promptly paying an award of costs to keep any stay as short as possible. D.I. 46, ¶ 11.

13.   Nor does *Phoenix Canada Oil Co. v. Texaco, Inc.*, 78 F.R.D. 445 (D. Del. 1978) warrant denying a stay here. Unlike MetTel, the plaintiff in *Phoenix Canada Oil* represented that it lacked the ability to pay, stating that it "could not, without substantial difficulty, raise sufficient funds to pay costs at this time." *Id.* at 448. Because MetTel admits that it can pay Granite's costs, a stay is plainly proper. *See, e.g.*, *Banga v. First USA, N.A.*, 2010 WL 6184482, at *5 (N.D. Cal. Dec. 8, 2010); *Esquivel v. Arau*, 913 F. Supp. 1382, 1391 n.14 (C.D. Cal. 1996).

14.   Second, the plaintiff in *Phoenix Canada Oil* dismissed and refiled a materially different case in a new forum—Delaware instead of New York—that

eliminated all claims arising under the antitrust laws. 78 F.R.D. at 447. The *Phoenix Canada Oil* plaintiff picked a new forum and modified its substantive claims and requests for relief in an attempt to "reach the merits more quickly and in order to avoid side issues concerning jurisdiction, venue, and plaintiff's standing under the antitrust laws." *Id.*

15. In contrast, MetTel here refiled the same case with the same claims with no attempt to streamline this litigation or eliminate "side issues." As MetTel's actions make clear, the jurisdiction of this Court over the First Action was unquestionable. For that reason, MetTel dismissed the First Action and filed this action with new allegations purporting to limit the amount in controversy in an obvious and admitted attempt to avoid federal jurisdiction. MetTel therefore manufactured the purported jurisdictional issues here and cannot now point to those issues to avoid paying Granite's costs under Rule 41(d).

16. Nor do the factors articulated in *Phoenix Canada Oil* warrant denying a stay here. As a threshold matter, the *Phoenix Canada Oil* factors have never been adopted as binding by the Third Circuit and have never been applied in any other case in this District. Even if these factors were appropriately weighed here, they would counsel in favor of a stay. As MetTel concedes, *see* D.I. 46, ¶ 11, MetTel is financially able to pay the costs, and the parties in both actions are the same. In addition, a third factor weighs in favor of a stay—the low likelihood of

MetTel's success in this action. As Granite has shown elsewhere, MetTel has failed to adequately allege causation and damages, cannot point to any contract that has been breached as a result of Granite's alleged conduct, and the statements that form the basis of MetTel's claims are non-defamatory as a matter of law. *See generally* D.I. 17, 48.

17. Finally, MetTel argues that a stay is unwarranted here because of Granite's alleged "sharp practices." D.I. 46, ¶ 14. This contention is absurd. MetTel apparently faults Granite for exercising its statutory right to removal and filing timely, appropriate, well-supported motions in its defense. Far from "sharp practices," everything Granite has done has been allowed or required by federal statute or the Federal Rules of Civil Procedure and evidences only a vigorous defense, which is the hallmark of the adversarial legal system.

For all of these reasons, and as set forth in the motion, Granite respectfully requests that the Court (1) grant Granite's motion for costs; (2) award Granite its costs of the First Action in an amount to be determined based on a bill of costs with appropriate verification pursuant to 28 U.S.C. § 1924, to be filed within 14 days of the date the Court acts on the motion; and (3) stay this action until MetTel pays the award of costs.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| OF COUNSEL: | */s/ R. Judson Scaggs, Jr.* <br> R. Judson Scaggs, Jr. (#2676) <br> Barnaby Grzaslewicz (#6037) <br> 1201 N. Market Street <br> Wilmington, DE 19801 <br> (302) 658-9200 |
| T. Christopher Donnelly <br> (admitted *pro hac vice*) <br> Joshua N. Ruby (admitted *pro hac vice*) <br> DONNELLY, CONROY & GELHAAR, LLP <br> 260 Franklin Street, Suite 1600 <br> Boston, MA 02110 <br> (617) 720-2880 | *Attorneys for Defendant Granite Telecommunications, LLC* |

August 7, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 7, 2020.

*/s/ Barnaby Grzaslewicz*
Barnaby Grzaslewicz (#6037