

Donnelly Conroy & Gelhaar, LLP
260 Franklin Street, Suite 1600
Boston, MA 02110
617-720-2880 ph.
617-720-3554 fx.
www.dcglaw.com

**Joshua N. Ruby**
jnr@dcglaw.com

November 9, 2020

**BY ECF**

The Honorable Colm F. Connolly
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 31
Room 4124
Wilmington, DE 19801-3555

>  Re: Manhattan Telecommunications Corp., d/b/a Metropolitan Telecommunications, a/k/a MetTel v. Granite Telecommunications, LLC, C.A. 1:20-cv-00857-CFC (D. Del.)

Dear Judge Connolly:

This letter is the response of Granite Telecommunications, LLC ("Granite") to the Court's November 5, 2020 order.

Yes, Delaware practice in the Court of Chancery permits recovery of damages in excess of the amount demanded in the complaint. *See* Del. Ch. Ct. R. 54(c) ("[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief in the party's pleadings*.") (emphasis added); *see also* Wright & Miller, 10 Fed. Prac. & Proc. Civ. § 2664 (4th ed.) ("The courts may award damages in excess of those the claimant asked for in the pleadings[.]") (discussing Fed. R. Civ. P. 54(c)).

The Honorable Colm F. Connolly
November 9, 2020
Page 2

The practice in Delaware Superior Court is different.  *See* Del. Super. Ct. R. Civ. P. 54(c) ("[Omitted]").  But MetTel filed this action in the Court of Chancery, so that court's rules supply the relevant "State practice" under 28 U.S.C. § 1446(c)(2)(A)(ii).[1]

Granite maintains that MetTel's pleadings do not limit its potential damages recovery to less than $75,000 given the mandatory trebling provision of the Deceptive Trade Practices Act.  *See* D.I. 33 at 15-17.  But even if MetTel's pleadings are read to seek damages of no more than $75,000, the Chancery Court could still award more if it determined that MetTel was entitled to a larger amount, whether due to greater compensatory damages, statutory treble damages, or both.  *See* Del. Ch. Ct. R. 54(c).

Accordingly, and as stated in Granite's Brief in Opposition to Plaintiff's Motion to Remand (D.I. 33), Granite requests that the Court deny MetTel's motion to remand.

Very truly yours,

*/s/ Joshua N. Ruby*

Joshua N. Ruby

cc:   All counsel of record (via electronic filing)

---

[1] To the extent MetTel relies upon *Long v. Lee*, 168 A.2d 536 (Del. Super. Ct. 1960)—or other authority from the Superior Court—it distinguishable and irrelevant to "State practice" in the Court of Chancery.