## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MANHATTAN TELECOMMUNICATIONS CORP., D/B/A METROPOLITAN TELECOMMUNICATIONS, A/K/A METTEL,<br><br>    Plaintiff,<br><br>        v.<br><br>GRANITE TELECOMMUNICATIONS, LLC,<br><br>    Defendant. | C.A. No. 20-857-CFC |

## [STIPULATED] PROTECTIVE ORDER

The Court finds that this Action may involve trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than litigating this Action is warranted. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery Materials, to adequately protect information the Parties are entitled to keep confidential, and to ensure that the Parties are permitted reasonably necessary uses of such Materials in preparation for and in the conduct of trial, pursuant to Federal Rule of Civil Procedure 26(c), and for good cause shown,

IT IS HEREBY ORDERED THAT:

## DEFINITIONS

A.    "Action": the above-captioned case, and any cases resulting from the consolidation, severance, or transfer of such case.

B.    "Party" or "Parties": any Party to the Action, including all of its officers, directors, employees, consultants, retained experts and consultants, and Outside Counsel (and their support staff).

C.    "Material": all information, documents, items, and things produced, served, or otherwise provided in the Action (whether paper, electronic, tangible, or otherwise) by the Parties or by non-parties.

D.    "Producing Party": a Party or non-party that produces, furnishes, or discloses Material during the course of the Action, for example in response to discovery requests or in the form of pleadings, briefs, memoranda, testimony adduced at trial, or materials introduced into evidence.

E.    "Receiving Party": any Party to which a Producing Party produces, furnishes, or discloses Material, whether voluntarily or in response to formal or informal discovery requests, subpoena, deposition notice, or court order in the Action.

F.    "Designating Party": a Party or non-party that designates Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL AND OUTSIDE CONSULTANTS' EYES ONLY."

G.      "CONFIDENTIAL Material": Material the Designating Party believes in good faith is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence; (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy; or (iii) believes in good faith constitutes or contains trade secrets or other confidential research, development, or commercial information.   CONFIDENTIAL Material shall include all Material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing, and shall be designated as such in the manner described in Section 2.

H.      "ATTORNEYS' EYES ONLY Material": Material the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence; (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy; or (iii) believes in good faith constitutes or contains trade secrets or other proprietary financial, technical, or commercially sensitive

3

competitive information that the Producing Party maintains as highly confidential in its business.  ATTORNEYS' EYES ONLY Material shall include all Material referring or relating to the foregoing, including but not limited to copies, summaries, and abstracts of the foregoing, and shall be designated as such in the manner described in Section 2.

I.     "OUTSIDE COUNSEL AND OUTSIDE CONSULTANTS' EYES ONLY": Material the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others, including the Parties' designated In-House Litigation Counsel identified in Paragraph 8(e) below, would create a substantial risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence; (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy; or (iii) believes in good faith constitutes or contains trade secrets or other proprietary financial, technical, or commercially sensitive competitive information that the Producing Party maintains as highly confidential in its business.  OUTSIDE COUNSEL AND OUTSIDE CONSULTANTS' EYES ONLY Material shall include all Material referring or relating to the foregoing, including but not limited

to copies, summaries, and abstracts of the foregoing, and shall be designated as such in the manner described in Section 2.

J.     "Designated     Material":     Material     that     is     designated "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL AND OUTSIDE CONSULTANTS' EYES ONLY."

K.     "Outside Counsel": attorneys (including litigation and clerical support staff) who are not employees, directors, or officers of a Party or a Party's parents, affiliates, or subsidiaries but who are counsel of record for a Party.

L.     "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Outside Counsel to serve as an expert witness or as a consultant in the Action and who is not: (i) a current or anticipated future employee of a Party or of a Party's competitor; or (ii) a consultant involved in sales, marketing, product, and/or process design or development for a Party or for a Party's competitor.

M.     "Professional Vendors": persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing or processing data) and their employees and subcontractors.  Court reporters and videographers are included.  This definition further includes a professional jury or trial consultant retained in connection with the Action and mock jurors retained by such a consultant to assist them in their

work. Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

N.     "In-House Litigation Counsel": attorneys (including litigation and clerical support staff) who are employees of a Party who have responsibility for maintaining, defending, or evaluating this litigation.

## TERMS AND CONDITIONS

## 1.   GENERAL LIMITATIONS ON DISCLOSURE AND USE OF DESIGNATED MATERIAL

Designated Material produced and the substance and content thereof, including any copies, notes, memoranda, summaries, excerpts, compilations, or other similar documents relating thereto, shall be used only for the purpose of this litigation and not for any other purpose, including, without limitation, any business or commercial purpose, or dissemination to the media or public.  Any person in possession of Designated Material shall exercise reasonably appropriate care with regard to storage, custody, or use of such Material in order to ensure that the confidential nature of the Material is maintained.  If Designated Material is disclosed or comes into the possession of any person other than in a manner authorized by this Protective Order, any Party having knowledge of the disclosure must immediately inform the Producing Party (and, if not the same person or entity, the Designating Party) of all pertinent facts relating to such disclosure and

shall make reasonable efforts to retrieve such Material and to prevent further disclosure.

## 2.   PROCEDURE FOR DESIGNATING MATERIALS

(a)   <u>Documents and Other Tangible Materials</u>.   The designation of Material in the form of documents, discovery responses, or other tangible materials (other than depositions or other pre-trial testimony) shall be made by the Designating Party by conspicuously affixing (physically or electronically) the legend "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL AND OUTSIDE CONSULTANTS' EYES ONLY" on each page containing information to which the designation applies (or in the case of computer medium on the medium label and/or cover).   To the extent practical, the legend shall be placed on the same line or otherwise near the Bates number identifying the Material.   If a document has more than one designation, the more restrictive or higher designation applies.

(b)   <u>Non-tangible Materials</u>.  All Designated Materials that are not reduced to documentary, tangible, or physical form or that cannot be conveniently designated in the manner set forth in Section 2(a) above shall be designated by the Designating Party by informing the Receiving Party in writing of same.

(c)   <u>Deposition Testimony and Transcripts</u>.  Any Party may designate as CONFIDENTIAL or ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL

AND OUTSIDE CONSULTANTS' EYES ONLY testimony or Material that is disclosed at a deposition by indicating on the record at the deposition that the testimony or material is CONFIDENTIAL or ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL AND OUTSIDE CONSULTANTS' EYES ONLY and is subject to the provisions of this Protective Order.  Any Party may also designate Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL AND OUTSIDE CONSULTANTS' EYES ONLY by notifying the court reporter and parties in writing within ten (10) days after receipt of the final deposition transcript, of the specific pages and lines of the final transcript that should be treated thereafter as CONFIDENTIAL or ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL AND OUTSIDE CONSULTANTS' EYES ONLY.  The Designating party must also provide a revised copy of the transcript with a corrected designation on the face of the transcript.  The Receiving party must certify in writing within ten (10) days of the receipt of the corrected transcript that all the old transcripts without the correct designation have been destroyed.  All deposition transcripts shall be treated as OUTSIDE COUNSEL AND OUTSIDE CONSULTANTS' EYES ONLY for at least a period of ten (10) days after receipt of the final transcript unless otherwise designated ahead of such time period.

(d)    <u>Non-party Designations</u>.  Non-parties who produce Material in the Action may avail themselves of the provisions of this Protective Order, and such

Material produced by non-parties shall be treated by the Parties in conformance with this Protective Order.   A non-party's use of this Protective Order for production of its Material does not entitle that non-party to have access to Material produced by any Party in the Action.

## 3.    INADVERTENT PRODUCTION

(a)    <u>Inadvertent Failures to Properly Designate</u>.   If a Party or non-party inadvertently produces Material without labeling or otherwise designating it in accordance with the provisions of this Protective Order, the Party or non-party may give written notice to the Receiving Party that the Material previously produced is designated CONFIDENTIAL or ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL AND OUTSIDE CONSULTANTS' EYES ONLY and should be treated as such in accordance with the provisions of this Protective Order.   The Receiving Party must treat such Material according to its most recent designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL AND OUTSIDE CONSULTANTS' EYES ONLY from the date such notice is received.   If, before receiving such notice, the Receiving Party disclosed such Material to recipients who are not qualified to receive it under the most recent designation, the Receiving Party must inform the Designating Party of the pertinent facts relating to such disclosure and shall make reasonable efforts to assure that the Material is treated in accordance with the provisions of this

Protective Order, including retrieving or destroying any copies that may have been disclosed to unqualified recipients.

(b)    No Waiver of Privilege.  Pursuant to Federal Rule of Evidence 502(d), the production or inspection of Material that a Producing Party claims was inadvertent and should not have been produced or disclosed because of the attorney-client privilege, work product protection, or any other applicable privilege or immunity from discovery is not and shall not be deemed to be a waiver of any such privilege or immunity to which the Producing Party would have been entitled had the Material not inadvertently been produced or disclosed.  Upon request by the Producing Party, the Receiving Party shall immediately return all copies of such inadvertently produced Material.  If the Receiving Party challenges the propriety of the claim of attorney-client privilege, work product protection, or other applicable privilege or immunity from discovery, the Receiving Party shall not assert the fact of the inadvertent production or the reasonableness of the Producing Party's pre-production review as a ground for challenging the later designation as privileged or immune from discovery.

## 4.    MATERIAL NOT COVERED BY THIS PROTECTIVE ORDER

Material shall not be considered CONFIDENTIAL or ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL AND OUTSIDE CONSULTANTS' EYES ONLY if:

(a)     it is in the public domain at the time of disclosure;

(b)     it becomes part of the public domain as a result of publication not involving a violation of this Protective Order;

(c)     the Receiving Party can show it was in the Receiving Party's rightful and lawful possession at the time of disclosure;

(d)     the Receiving Party lawfully received it from a non-party without restriction as to disclosure, provided such non-party had the right to make the disclosure to the Receiving Party; or

(e)     the Receiving Party can show it was independently developed by the Receiving Party after the time of disclosure by personnel who did not have access to the Producing Party's Designated Material.

## 5.     CHALLENGES TO DESIGNATIONS

(a)     <u>Written Notice</u>.  The Designating Party shall use reasonable care when designating Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL AND OUTSIDE CONSULTANTS' EYES ONLY. Nothing in this Protective Order shall prevent a Receiving Party from contending that any Material has been improperly designated.  If the Receiving Party disagrees with the designation of any Material, the Receiving Party may challenge such designation by providing the Designating Party with written notice of such challenge and by identifying the Material as specifically as possible.    The

challenge should be made as soon as is practicable following production.  If, after meeting and conferring, the Parties do not resolve the dispute, the Receiving Party may seek relief from the Court pursuant to the procedures specified in Section 6 of the Scheduling Order entered by the Court on December 22, 2020.

(b)      Meet and Confer.  A Party that elects to challenge a designation must do so in good faith and, in addition to the written notice, must confer directly (in voice-to-voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the Material challenged and to reconsider the circumstances, and if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may challenge the designation only if it has engaged in this meet and confer dialogue first. Each such request for relief must be accompanied by a competent declaration that affirms that the movant has complied with these meet and confer requirements and that sets forth with specificity the justification for the designation that was given by the Designating Party in the meet and confer dialogue.

(c)      Judicial Intervention.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.   Until the Court rules on the

12

challenge, all Parties shall continue to afford the Material in question the level of protection to which it is entitled under the Designating Party's designation.

## 6.    INSPECTION OF MATERIALS

Material made available for inspection by Outside Counsel for the Receiving Party shall initially be considered to be OUTSIDE COUNSEL AND OUTSIDE CONSULTANTS' EYES ONLY and subject to this Protective Order even though no formal designation has yet been made.  Thereafter, the Producing Party shall have seven (7) calendar days to review and designate the inspected Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL AND OUTSIDE CONSULTANTS' EYES ONLY prior to furnishing copies to the Receiving Party.

## 7.    ACCESS TO CONFIDENTIAL MATERIAL

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, CONFIDENTIAL Material shall not be disclosed, directly or indirectly, to anyone except the following (and those identified in Section 16 below regarding use of Designated Material at depositions):

(a)    The Court and its personnel;

(b)    Outside Counsel representing each Party in this Action who require access to CONFIDENTIAL Material for purposes of litigating this Action;

(c)     Outside Consultants, subject to the provisions and limitations set forth in Section 14 herein;

(d)     Personnel of e-discovery management, graphics, litigation support, court reporters, videographers, and trial/jury consulting firms, including any mock jurors, engaged by a party or its attorneys in connection with this litigation who have signed (or for whom a representative has signed) Exhibit A hereto prior to any disclosure of CONFIDENTIAL Material; and

(e)     In-House Litigation Counsel and no more than five (5) other employees, officers, or directors of a Receiving Party who have responsibility for maintaining, defending, or evaluating this litigation (and supporting personnel). CONFIDENTIAL Material shall not be disclosed to such In-House Litigation Counsel, employee, officer, or director until the individual has signed the Confidentiality Agreement attached hereto as Exhibit A, thereby declaring that he or she has read and understands this Protective Order and agrees to be bound by its provisions.  Such written agreement shall be retained by counsel for the Receiving Party and must be disclosed to the Producing Party at least ten (10) days prior to any disclosure of CONFIDENTIAL Material.  If the Producing Party objects to the identified individual within the ten (10) day period, no disclosure of material shall take place until the dispute is resolved, either by the Parties or the Court.  Further,

the Receiving Party must have a reasonable, litigation-related basis for providing the CONFIDENTIAL Material to the individuals in this Section.

## 8.    ACCESS TO ATTORNEYS' EYES ONLY MATERIAL

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, ATTORNEYS' EYES ONLY Material shall not be disclosed, directly or indirectly, to anyone except the following (and those identified in Section 16 below regarding use of Designated Material at depositions):

(a)    The Court and its personnel;

(b)    Outside Counsel representing each Party in this Action who require access to ATTORNEYS' EYES ONLY Material for purposes of litigating this Action;

(c)    Outside Consultants, subject to the provisions and limitations set forth in Section 14 herein;

(d)    Personnel of e-discovery management, graphics, litigation support, court reporters, videographers, and trial/jury consulting firms, including any mock jurors, engaged by a Party or its attorneys in connection with this litigation who have signed (or for whom a representative has signed) Exhibit A hereto prior to any disclosure of ATTORNEYS' EYES ONLY Material; and

(e)    No more than two (2) designated In-House Litigation Counsel.  For Plaintiff, the currently designated In-House Litigation Counsel shall be Joseph

Farano and Joel Margolis.  For Defendant, it shall be Michael Galvin and John Cheverie.  The foregoing designations may be changed by agreement of the parties at any time, or if an agreement cannot be reached, by further order of the Court.

(1)     ATTORNEYS' EYES ONLY Material shall not be disclosed to such In-House Litigation Counsel until the individual has signed the Confidentiality Agreement attached hereto as Exhibit A, thereby declaring that he or she has read and understands this Protective Order and agrees to be bound by its provisions.  Such written agreement shall be retained by counsel for the Receiving Party and must be disclosed to the Producing Party at least seven (7) days prior to any disclosure of ATTORNEYS' EYES ONLY Material.

(2)     ATTORNEYS' EYES ONLY Material may be disclosed to In-House Litigation Counsel orally, electronically, or in hard-copy.  To the extent such material is disclosed electronically, designated documents may only be provided via an encrypted file transfer system (e.g., FTP, ShareFile) or by posting to an access-controlled file-sharing website (e.g., SharePoint, HighQ).  Electronic copies of such materials may only be stored locally by the receiving In-House Litigation Counsel on an access-controlled and encrypted personal computer, and may not be stored on any shared drive accessible by others.  To the extent the receiving In-House Litigation

Counsel prints out such materials, or receives such materials in hard-copy form, such documents will be maintained in the private offices of In-House Litigation Counsel in such a way as to be inaccessible to, and not viewable by, others, and not stored or reviewed in public areas.

9.   **ACCESS TO OUTSIDE COUNSEL AND OUTSIDE CONSULTANTS' EYES ONLY MATERIAL**

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, OUTSIDE COUNSEL AND OUTSIDE CONSULTANTS' EYES ONLY Material shall not be disclosed, directly or indirectly, to anyone except the following (and those identified in Section 16 below regarding use of Designated Material at depositions):

(a)   The Court and its personnel;

(b)   Outside Counsel representing each Party in this Action who require access to OUTSIDE COUNSEL AND OUTSIDE CONSULTANTS' EYES ONLY Material for purposes of litigating this Action;

(c)   Outside Consultants, subject to the provisions and limitations set forth in Section 14 herein; and

(d)   Personnel of e-discovery management, graphics, litigation support, court reporters, videographers, and trial/jury consulting firms, including any mock jurors, engaged by a party or its attorneys in connection with this litigation who have signed (or for whom a representative has signed) Exhibit A hereto prior to

17

any disclosure of OUTSIDE COUNSEL AND OUTSIDE CONSULTANTS'
EYES ONLY Material.

## 10.   ACCESS BY PROFESSIONAL VENDORS

Subject to the requirements set forth in this Protective Order, Designated
Material and such copies as are reasonably necessary for maintaining, defending,
or evaluating this litigation, may be furnished and disclosed to Professional
Vendors as defined in Definition M.  Before disclosing any Designated Material to
any person or service described in this paragraph, Outside Counsel for the
Receiving Party shall first obtain from such person or service a written and signed
Confidentiality Agreement, in the form attached hereto as Exhibit A.  Such written
agreement shall be retained by Outside Counsel for the Receiving Party, and a
copy shall be provided to the Producing Party.

## 11.   TRANSMITTAL OF DESIGNATED MATERIALS

Designated Materials shall not be viewed, transmitted or transported outside
of the United States, or communicated to any recipient under this Protective Order
who is located outside of the United States, for any purpose without the express
written permission of the Producing Party, except as needed in connection with
prosecuting or defending this case.

## 12.   ELECTRONIC ACCESSIBILITY

The Receiving Party shall ensure that Materials designated as
CONFIDENTIAL or ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL

AND OUTSIDE CONSULTANTS' EYES ONLY are not transmitted via electronic mail, except that CONFIDENTIAL Materials may, when otherwise in compliance with Sections 7 through 10 of this Protective Order, be transmitted: among and between the Outside Counsel and In-House Litigation Counsel or Outside Counsel and Outside Consultants for any single Party via the private e-mail networks maintained by that Party's Outside Counsel or In-House Litigation Counsel (public networks and servers such as e-mail systems provided by Google, Yahoo, or by an internet provider such as Comcast, may not be used, however e-mails between co-counsel for a Party are considered private even if the transmission path includes the internet, as long as the e-mail servers are controlled by the respective firms).

## 13.    DISCLOSURE TO OUTSIDE CONSULTANTS

(a)    <u>Confidentiality Agreement</u>.    An Outside Consultant's access to Designated Material shall be subject to the requirement that the Outside Consultant execute the Confidentiality Agreement attached hereto as Exhibit A.  The original Confidentiality Agreement shall be retained by Outside Counsel for the Party that retained the Outside Consultant.

## 14.    EXCEPTIONS TO LIMITATIONS ON DISCLOSURE

Nothing in this Order prevents disclosure of Designated Material in the following situations: (a) by the Producing Party to anyone else the Producing Party

19

deems appropriate; (b) by the Receiving Party to a director, officer and/or employee of the Producing Party who has had or is eligible to have access to the Designated Material by virtue of their position with the Producing Party; (c) by a Party to any person, whether or not affiliated with the Producing Party at the time of disclosure, who either authored the Designated Material, in whole or in part, or who has independently received the Designated Material other than through a means constituting a breach of this Protective Order; or (d) to any person who is reasonably identified as previously having had access to the Designated Material, which identification is made by the sworn testimony of another or unambiguously appears on the face of a document, other than through a means constituting breach of this Protective Order.

## 15.   FILING UNDER SEAL

All documents containing Designated Material filed with the Court shall be filed in accordance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means.

## 16.   USE AT DEPOSITIONS

(a)   Except as otherwise ordered by the Court, any deposition or trial witness may be examined and may testify concerning Designated Material of

which such person has prior knowledge.   Without in any way limiting the generality of the foregoing:

(1)    A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Designated Material that has been produced by that Party when (a) the director, officer, and/or employee has had or is eligible to have access to the Designated Material by virtue of their position with the Producing Party; (b) the director, officer, and/or employee of the Producing Party designated has been designated as a witness under Fed. R. Civ. P. 30(b)(6) for topics relating to the Designated Material; (c) the director, officer, and/or employee is identified in the Designated Material as an author, addressee, or recipient of such information; or (d) the director, officer, and/or employee, although not identified as an author, addressee, or recipient of such Designated Material, has, in the ordinary course of business, seen such Designated Material or has personal knowledge about such Designated Material or its subject matter.

(2)    A former director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Designated Material that has been produced by that Party when (a) the former director, officer, and/or employee has been designated as a witness under Fed. R. Civ. P. 30(b)(6) for topics relating to the Designated Material; (b) the former director, officer, and/or employee is identified in the Designated Material as an author, addressee, or

recipient of such information; or (c) the former director, officer, and/or employee, although not identified as an author, addressee, or recipient of such Designated Material, has, in the ordinary course of business, seen such Designated Material or has personal knowledge about such Designated Material. Nothing in the foregoing shall preclude or otherwise limit the Producing Party's ability to object to (i) the use of the document during questioning or (ii) the admissibility of any such testimony.

(3)     The witness, although not identified as an author, addressee, or recipient of such Designated Material, has personal knowledge of the content of the Designated Material and was or is associated with the Producing Party.

(4)     Non-parties may be examined or testify concerning any document containing Designated Material that appears on its face or from other documents or testimony to have been received from, or communicated to, the non-party including as a result of any contact or relationship with the Producing Party. Any person other than the witness, his or her counsel, and any person qualified to receive Designated Material under this Protective Order shall be excluded from the portion of the examination concerning such Material, absent the consent of the Producing Party.  If the witness is represented by an attorney who is not qualified under this Protective Order to receive Designated Material, then prior to the examination, the attorney shall provide a signed Confidentiality Agreement in the

22

form attached hereto as Exhibit A, declaring that he or she will comply with the terms of this Protective Order and maintain the confidentiality of Designated Material disclosed during the course of the examination.  If such attorney declines to sign such a Confidentiality Agreement before the examination, and if any Party so desires, then the Parties, by their counsel, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

(b)   Except in the case of an Outside Consultant serving as an expert witness and bound by the terms of the Protective Order or a witness from a Producing Party that is otherwise authorized to see Designated Material from his/her own Producing Party, witnesses may not retain copies of any Designated Material used or reviewed at a deposition, and may not take out of the deposition room any exhibit that is marked CONFIDENTIAL or ATTORNEYS' EYES ONLY or OUTSIDE COUNSEL AND OUTSIDE CONSULTANTS' EYES ONLY.  The Producing Party of any Designated Material used at a deposition may also require that the transcript and exhibits not be copied by a third-party witness or his or her counsel and that the transcript and exhibits may only be reviewed by the third-party witness in the offices of Outside Counsel representing a Party in the Action (or another firm acting for Outside Counsel representing a Party in the

Action under the supervision of one of the attorneys bound by the terms of this Protective Order).

## 17.   TESTIFYING EXPERTS

(a)   Testifying experts shall not be subject to discovery on any draft of his or her report in this case that was written by the testifying expert or his or her staff. Such draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(b)   No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(c)   All other materials provided to a testifying expert that the expert considered in forming the opinions expressed in the expert's report shall be subject to discovery, regardless of whether or not the testifying expert actually relied upon the material in forming his final report, trial or deposition testimony, or any opinion in this case.  No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions, or other materials to a testifying expert (either directly or through one or more intermediaries, including counsel), who then relies upon such information, opinions, or other materials in forming any opinion to be presented in a report, trial

testimony, or deposition testimony in this case, or as otherwise set forth in FRCP 26(b)(4)(D).

## 18. STIPULATIONS OR ADDITIONAL RELIEF FROM THE COURT

The Parties may, by stipulation, provide for exceptions to this Protective Order.  Nothing in this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of Material or relief from this Protective Order with respect to particular Designated Material.

## 19. RETURN OF DESIGNATED MATERIAL

Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after a final, non-appealable judgment or order, or the complete settlement of all claims asserted against all Parties in the Action, each Receiving Party must certify as destroyed all Designated Material, or return all Designated Material to the Producing Party (at the Receiving Party's option).  As used in this section, "Designated Material" includes Designated Material and any derivatives therefrom, including, but not limited to, all copies, abstracts, compilations, summaries, notes, or any other form of reproducing, referring to, or capturing any portion of the Designated Material.  The Receiving Party's obligation to return Designated Material received from another Party extends to Designated Material the Receiving Party disclosed to others pursuant to this Protective Order.

Notwithstanding this section, Outside Counsel are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.  Whether the Designated Material is returned or destroyed, the Receiving Party must, if asked to, submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that identifies (by category, where appropriate) all the Designated Material that was returned or destroyed and that affirms that neither the Receiving Party nor others to whom the Receiving Party disclosed Designated Material has retained any Designated Material (or otherwise identifies any person or entity that has failed to return or destroy such Designated Material).  Notwithstanding this section, counsel are entitled to retain an archival copy of all pleadings, motion papers (including all supporting and opposing papers and exhibits and declarations thereto), transcripts, legal memoranda, correspondence, briefs (including all supporting and opposing papers and exhibits and declarations thereto), written discovery requests and responses, exhibits offered or introduced into evidence at trial, or work product.  Any such archival copies remain subject to this Protective Order as set forth in Section 21.

## 20.   INJUNCTIVE RELIEF

The Parties acknowledge that any breach of this Protective Order may result in immediate and irreparable injury for which there is no adequate remedy at law.

If anyone violates or threatens to violate the terms of this Protective Order, the actual or potentially aggrieved entity may immediately apply to obtain injunctive relief against any such violation or threatened violation, and any respondent who is subject to the provisions of this Protective Order may not employ as a defense that movant possesses an adequate remedy at law.

## 21.   SURVIVAL OF ORDER

The terms of this Protective Order shall survive the final termination of the Action to the extent that any Designated Material is not or does not become known to the public.  This Court shall retain jurisdiction over the Action for the purpose of enforcing this Protective Order unless the Action is transferred to another forum. The Parties agree that any order of dismissal of the Action as to any or all Parties shall include specific provision that the Court retains jurisdiction to enforce the terms of this Protective Order following dismissal.  Each Party hereby consents to the personal jurisdiction of the Court for that purpose.

## 22.   TREATMENT PRIOR TO ENTRY OF ORDER

Each Party agrees to be bound by the terms of this Protective Order as of the date it is filed with the Court for the Court's consideration, even if prior to entry of the Order by the Court.  If the Court changes any provisions proposed by the Parties, the changes will apply retroactively, except that no conduct occurring prior

to entry of the Order that was permissible under the proposed provisions shall be deemed a violation of any such changed provision.

## 23.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any Designated Material to a third party, the Receiving Party must so notify the Producing Party (and, if not the same person or entity, the Designating Party), in writing (by hand delivery, fax, or e-mail) promptly and in no event more than ten (10) days after receiving the subpoena or order.   Such notification must include a copy of the subpoena or order.   The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue that some or all the material covered by the subpoena or order is subject to this Protective Order.   In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.   The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order (which will apply to any material produced unless a separate Protective Order is obtained) and to afford the Producing or Designating Party in the Action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.   The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material.   Nothing in these provisions should be

28

construed as authorizing or encouraging a Receiving Party in the Action to disobey a lawful directive from another court.

## 24.    OTHER PROCEEDINGS

By entering this Order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information relevant and subject to disclosure in another case.  Any person or party subject to a motion to disclose another party's information designated "CONFIDENTIAL," or "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL AND OUTSIDE CONSULTANTS' EYES ONLY" pursuant to this Order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding.

## 25.    PRIVILEGE LOGS

The parties agree that the privilege logs in this case need not identify privileged communications or attorney work product created on or after May 19, 2020.

## 26.    USE OF DESIGNATED MATERIAL AT TRIAL

Nothing in this Order shall be construed to govern the introduction of any document, material, or information at any trial or hearing in this matter. A Party that intends to present, or that anticipates that another Party may present, Designated Material at a hearing or trial shall bring that issue to the attention of the Court, and to the attention of the Designating Party or the Producing Party (as

applicable), pursuant to the procedures specified in Section 6 of the Scheduling Order entered by the Court on December 22, 2020, or in a pretrial memorandum, without disclosing the Designated Material.  The Court may thereafter make such orders as are necessary to govern the use of such Designated Material at trial or hearing.

Date: January 13, 2021

**K&L GATES LLP**

*/s/  Steven L. Caponi*
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
600 N. King St., Suite 901
Wilmington, DE 19801
Phone: (302) 416-7000
steven.caponi@klgates.com
matthew.goeller@klgates.com

*Attorneys for Plaintiff*

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Zi-Xiang Shen*
R. Judson Scaggs, Jr. (No. 2676)
Zi-Xiang Shen (No. 6072)
1201 N. Market Street
Wilmington, DE 19801
Phone: (302) 658-9200

*Attorneys for Defendant Granite Telecommunications, LLC*

IT IS SO ORDERED.

This _____ day of _____, 2021.

_____
The Honorable Colm F. Connolly

30