

Donnelly Conroy & Gelhaar, LLP
260 Franklin Street, Suite 1600
Boston, MA 02110
617-720-2880 ph.
617-720-3554 fx.
www.dcglaw.com

**Joshua N. Ruby**
jnr@dcglaw.com

January 29, 2021

**BY ECF**

The Honorable Colm F. Connolly
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 31
Room 4124
Wilmington, DE 19801-3555

> Re: Manhattan Telecommunications Corp., d/b/a Metropolitan Telecommunications, a/k/a MetTel v. Granite Telecommunications, LLC, C.A. 1:20-cv-00857-CFC (D. Del.)

Dear Judge Connolly:

This letter is the response of Granite Telecommunications, LLC ("Granite") to the Court's Order of January 21, 2021 concerning the impact of a determination that New York law governs the claims of Manhattan Telecommunications Corp., d/b/a Metropolitan Telecommunication ("MetTel").

New York law requires dismissal of the Delaware Deceptive Trade Practices Act ("DTPA") and trade libel claims, as well as most of the defamation claim. No actual conflicts exist as to the rest of the defamation claim and the tortious interference claims, and those claims should be dismissed under New York and Delaware law.

The Honorable Colm F. Connolly
January 29, 2021
Page 2

(1) **_DTPA_**: MetTel concedes that "[a] conflict exists between the laws of New York and Delaware because New York does not have a statutory equivalent to the DTPA." D.I. 40 at 19.  If New York law governs here, then no basis exists to apply the DTPA or any other provision of Delaware substantive law.  Accordingly, if New York law applies, the DTPA claim must be dismissed.[1]

(2) **_Defamation_**:  An actual conflict exists between New York and Delaware law due to New York's rule that exact words be alleged in defamation claims.  D.I. 17 at 12-15; D.I. 48 at 5.  Accordingly, to the extent MetTel's claim rests on paraphrased statements like the May 12 call or the unspecified communications that MetTel allegedly learned about on June 2, *see* Compl. ¶¶ 22, 25, dismissal is required.

Where MetTel alleges exact words, the statements contain no assertions of fact and are non-defamatory opinion as a matter of law.  Because both Delaware and New York look to the same factors for this determination, this independent basis for dismissal exists regardless of which law applies.  D.I. 48 at 5-7.

(3) **_Trade Libel_**: To the extent any conflict exists between New York's requirement of pleading "special damages" and Delaware's requirement of pleading "pecuniary harm," determining that New York law applies would require the Court to apply the "special damages" standard.[2] MetTel did not plead any "special damages," nor has it argued that it did so.  D.I. 40 at 18-19.  Therefore, this claim must be dismissed.  D.I. 48 at 9.

(4) **_Tortious Interference_**: No actual conflict exists between New York and Delaware law as to MetTel's tortious interference claims.  Accordingly, "the district court sitting in diversity may refer interchangeably to the

---

[1] This claim must also be dismissed for other pleading failures.  D.I. 17 at 20-21; D.I. 48 at 9-10.

[2] Even if no conflict exists, Granite maintains that MetTel's trade libel claim should be dismissed under both standards.  D.I. 48 at 9.

The Honorable Colm F. Connolly
January 29, 2021
Page 3

laws of the states whose laws potentially apply." *Huber v. Taylor*, 469 F.3d 67, 74 (3d Cir. 2006).

In both jurisdictions, MetTel's tortious interference claims must be dismissed. MetTel has not alleged any actual breach of contract as required for tortious interference with contractual relations. D.I. 17 at 15-17; D.I. 48 at 7-8. Nor has MetTel alleged any *actual* interference with a *specific* customer relationship as required for tortious interference with prospective business advantage. D.I. 17 at 17-19; D.I. 48 at 8-9.

Very truly yours,

*/s/ Joshua N. Ruby*

Joshua N. Ruby

cc: All counsel of record (via electronic filing)